Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for Jon Wise*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In Re:** <br><br> **PRAJNA STRATEGY, LLC,** <br><br> Debtor. | **Case No. 23-00032-ELG** <br><br> **Chapter 7** |

**JON WISE'S MEMORANDUM OF LAW IN OPPOSITION TO**
**CHAPTER 7 TRUSTEE'S MOTION FOR LEAVE TO FILE UNDER SEAL**

Comes now Jon Wise, by and through undersigned counsel, pursuant to Local Rule 9013-1(d), and respectfully submits this Memorandum of Law in Opposition to the Chapter 7 Trustee's Motion for Leave to File Under Seal Exhibit to Chapter 7 Trustee's Objection to Proof of Claim 3-1 Filed by Jon Wise (the "Motion," as found at DE #13).

**I.     RELEVANT FACTS**

Mr. Wise is the former Chief Creative Officer for Debtor Prajna Strategy LLC ("Prajna"). On or about May 27, 2022, Mr. Wise filed an action against Prajna and certain of its executives and decisionmakers, Prajna Chief Executive Officer Kristen Clark and Prajna Chief Financial Officer Cheryl Heller, in the United States District Court for the Eastern District of Pennsylvania, captioned *Jon Wise v. Prajna Strategy LLC, et al.*, Case No. 2:22-cv-02100. The Complaint contains claims for Breach of Contract (Count I), violation of the Pennsylvania Wage Payment

Law (Count II), Promissory Estoppel/Detrimental Reliance (Count III), Unjust Enrichment (Count IV), Fraud (Count V), Fraudulent Inducement (Count VI), Wrongful Termination (Count VII), Declaratory Judgment (Count VIII), and Injunctive Relief (Count IX). Notably, the Complaint sets forth in substantial detail Prajna's numerous instances of race and sexual discrimination and harassment, the several sexual and/or sexually-related comments made by Prajna's employees, Mr. Wise's complaints of discrimination and sexual harassment, and the retaliation Mr. Wise endured after his complaints and taking a medical leave for his disabilities.

Thereafter, on or about January 19, 2023, Prajna filed for Chapter 7 bankruptcy in this Court. Mr. Wise has appropriately filed a Proof of Claim in this bankruptcy proceeding due to the damages he suffered as a result of Prajna's wrongful acts, as set forth more fully in his Complaint, which was attached as an exhibit to his Proof of Claim. The Trustee has objected to Mr. Wise's Proof of Claim, based on an alleged outside investigation conducted at the direction of Prajna regarding Mr. Wise's claims. Pursuant to such investigation, an investigation report (the "Report") was generated, which the Trustee relies upon heavily and almost exclusively in filing his objection to Mr. Wise's Proof of Claim, and which indicates that Mr. Wise's claims were not substantiated and that Mr. Wise was not credible while other witnesses were credible. For the reasons set forth below, there is no compelling reason to place the Report under seal, and the Trustee's Motion should be denied.

## II. ARGUMENT

### A. Legal Standard

"The decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion exercised in light of the relevant facts and circumstances of the particular case." *In re Buhler-Miko*, 2011 WL 612065, at *1 (Bankr. D.D.C. 2011) (quoting *United*

*States v. Hubbard*, 650 F.2d 292, 316–17 (D.C. Cir. 1980)). "Importantly, however, there is a 'strong presumption in favor of public access to judicial proceedings.'" *Id*. (quoting *Johnson v. Greater Se. Cmty. Hosp. Corp*., 951 F.2d 1268, 1277 (D.C. Cir. 1991)); *see also In re Barbaran*, 2022 WL 1487066, at *1 (Bankr. D.D.C. 2022) ("A strong presumption favoring public access exists as to papers filed in a bankruptcy matter.").

"The D.C. Circuit Court of Appeals has set forth six factors for the court to consider in evaluating a motion to seal: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents at issue; (3) the fact that someone has objected to disclosure and the identity of that person; (4) the strength of any property or privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceeding." *In re Buhler-Miko*, 2011 WL 612065, at *1 (citing *Hubbard*, 650 F.2d at 317–22). "A party seeking to seal an otherwise public bankruptcy document bears the burden of establishing entitlement to relief…" *In re Barbaran*, 2022 WL 1487066, at *3. The Trustee has not met this burden.

### B. The Report Should Not be Filed Under Seal Because All of the Relevant Factors Weigh Against Sealing the Report and Because the Information Does Not Constitute "Scandalous" Material

The report should not be filed under seal because all the relevant factors weigh against sealing the Report and because the information does not constitute "scandalous" material.

The factors delineated by this Court do not weigh in favor of sealing the Report. The first factor, the need for public access to the documents at issue, is particularly strong here and weighs against placing the report under seal. "The need for public access to court records 'serves the important function [ ] of ensuring the integrity of judicial proceedings....'" *In re Buhler-Miko,* 2011 WL 612065, at *1. As noted by the Trustee, Mr. Wise brought several claims against the Debtors,

which detail sexual harassment, wrongful termination, discrimination, and retaliation. To the extent the Debtor investigated such claims, and a report was generated in response to these claims, which has resulted in the Trustee's objection to Mr. Wise's Proof of Claim, the Report must be available to allow access to what information was used in the investigation and how the Debtor's investigator reached their conclusions. It would be unfair and unjust for the Trustee to object to Mr. Wise's Proof of Claim, and summarily state and rely upon some of the conclusions reached in the Report without the Report being publicly available to show the full details regarding what the investigator found, the underlying facts demonstrating how it reached the conclusions relied upon almost exclusively by the Trustee in its objection to Mr. Wise's Proof of Claim, and what other information may be in the Report that either supports or refutes the Mr. Wise's allegations.

The second factor, the extent of previous public access to the documents at issue, also weighs against sealing the Report. The Report related to a purported independent investigation of Mr. Wise's claims against the Debtor and its executives. Very significantly, Mr. Wise's Complaint – which specifically details those claims and the facts supporting those claims – was not filed under seal and is publicly available. Indeed, Mr. Wise attached it to his Proof of Claim. Thus, although the Report itself may not have been publicly available, a document containing many of the facts referenced in the Report is available. Additionally, the Trustee has made many of the conclusions reached by the Report publicly available in his objection and it would be unfair to allow the Trustee to cherry pick from the Report and make some information helpful to the Trustee's objection available but other information not.

The third, fourth and fifth factors, that someone has objected, the strength of the privacy interests involved, and the possibility of prejudice, also do not support sealing the Report. "The fact that a party moves to seal the record weighs in favor of the party's motion." *In re Buhler-Miko*,

4

2011 WL 612065, at *2 (quoting *Upshaw v. United States*, 754 F. Supp. 2d 24 (D.D.C. 2010)). "However, because there will necessarily be a party objecting to disclosure whenever a court is faced with a motion to seal, the inquiry does not end there: the [ ] court must assess whether that party would be prejudiced by disclosure." *Id*. Here, there is no great privacy interest asserted. As noted above, the facts and information set forth in the Report resulted from the claims set forth in Mr. Wise's filed complaint and much of the information sought to be sealed is also already contained in Mr. Wise's publicly available Complaint. Thus, this information is already readily accessible.

Nor has the Trustee demonstrated any prejudice. Even the Trustee admits that, at most, it would be "embarrassing" and "potentially" prejudicial to the Debtor's current and former employees based on allegations of sexual harassment. This is not prejudice, and the Trustee has not provided any facts supporting his claim that any such potential embarrassment would result in any actual prejudice.

Finally, the purposes for which the documents were introduced also weigh against the seal. The publicly-filed and available Complaint already sets forth the details regarding the discrimination, harassment, and retaliation. According to the Trustee, the Report contains details in response to Mr. Wise's claims. Thus, the document itself was created in response to Mr. Wise's expressed concerns of sexual harassment. And, its purpose here is to object to Mr. Wise's Proof of Claim. To the extent the Trustee objects to the Proof of Claim, it is important that the Report be viewable to determine how and why the Trustee maintains its objection. The Trustee's objection to Mr. Wise's Proof of Claim should not be taken as true with mere conclusory statements that Mr. Wise's claims are unsubstantiated, without any supporting evidence or facts to back up its

5

purported conclusion. By sealing the Report, the Court would foreclose the public from understanding its reasons for the objection to Mr. Wise's Proof of Claim.

Nor, contrary to the Trustee's claim, can the material contained within the Report be considered "scandalous" sufficient to warrant a seal. "Simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records." *In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 561 (Bankr. S.D.N.Y. 2007) (quoting *In re Analytical Sys., Inc.*, 83 B.R. 833, 836 (Bankr. N.D. Ga. 1987) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179–80 (6th Cir. 1983))); citing *In re Hope*, 38 B.R. 423, 424 (Bankr. M.D. Ga. 1984) ("It is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action.")). "Generally, the term scandalous refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *In re Barbaran*, 2022 WL 1487066, at *4 (citing 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[3] (3d ed. 2022)).

"However, no matter which definition is utilized, 'mere embarrassment or harm caused to the party is insufficient to grant protection under § 107(b)(2).'" *Id*. (citing *In re Food Mgmt. Group, LLC*, 359 B.R. 543, 561 (Bankr. S.D.N.Y. 2007)). This is precisely what the Trustee alleges: mere embarrassment. *See* Trustee's Motion, at ¶ 9 ("Public disclosure of the Investigation Report would be extremely embarrassing and potentially prejudicial to several of the Debtor's former employees"). Under well-settled law of this Court, potential embarrassment is not scandalous and thus does not warrant the sealing of the document. *See In re Analytical Sys., Inc.*, 83 B.R. 833 (Bankr. N.D. Ga. 1987) (denying request to seal settlement agreement because, among other

6

things, the agreement did not contain scandalous or defamatory matter and at most the record only supported a finding of possible embarrassment to one of the parties).

Based on the foregoing, in light of the importance of maintaining public trust in the courts and the already public nature of the facts set forth in the Report that the Trustee seeks to seal, this is not an appropriate case for placing the information at issue under seal.

### III.     CONCLUSION

WHEREFORE, Jon Wise respectfully requests that this Court deny the Chapter 7 Trustee's Motion for Leave to File Under Seal Exhibit to Chapter 7 Trustee's Objection to Proof of Claim 3-1 Filed by Jon Wise.

Respectfully submitted,

Dated: September 8, 2023          By:     /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for Jon Wise*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of September, 2023, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig