**WHITEFORD, TAYLOR & PRESTON, LLP**
David W. Gaffey (Bar No. VA 031)
Alexandra G. DeSimone (admitted *pro hac vice*)
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042-4510
Telephone: (703) 280-3374
E-Mail: dgaffey@whitefordlaw.com
adesimone@whitefordlaw.com

*Special Counsel to William Douglas White, Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PRAJNA STRATEGY, LLC | ) | Case No. 23-00032-ELG |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

## CONSENT MOTION TO REFER CASE TO JUDICIAL
## MEDIATION PURSUANT TO LOCAL BANKRUPTCY RULE 9019-2

William Douglas White (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Prajna Strategy, LLC (the "Debtor"), and Jon Wise ("Wise" and, together with the Trustee, the "Parties"), by their respective undersigned counsel, hereby jointly file this motion (the "Motion") pursuant to Local Bankruptcy Rule 9019-2 for entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order") referring Proof of Claim No. 3-1 (the "Wise Proof of Claim") and the Trustee's pending *Chapter 7 Trustee's Objection to Proof of Claim 3-1 Filed by Jon Wise* (the "Claim Objection") [Docket No. 12] to mandatory mediation with a current or former bankruptcy judge to be appointed by this Court. In support of this Motion, the Parties state as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Columbia (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this

district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to, among other sections, 28 U.S.C. § 157(b)(2)(B).

2. The bases for the relief requested herein are Sections 105(a) of the Bankruptcy Code, 28 U.S.C. §§ 651, 652 and 653, and Local Bankruptcy Rule 9019-2.

## FACTUAL BACKGROUND

3. On January 19, 2023, the Debtor filed a bankruptcy case under chapter 7 of the Bankruptcy Code.

4. On January 25, 2023, the Trustee was appointed as the chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity.

5. The Court established May 30, 2023, as the general bar date to file claims in this case.

6. On May 26, 2023, Wise filed the Wise Proof of Claim. The Wise Proof of Claim asserts a claim against the estate for alleged "breach of contract, wrongful termination, discrimination, [and] retaliation" in the amount of $25,060,909.00, comprising amounts allegedly owed for base salary, back pay, front pay, unpaid income distribution, loss of former business income, loss of equity value, and attorneys' fees. The Wise Proof of Claim attaches as support a complaint (the "Wise Complaint") filed by Wise against the Debtor, its former CEO, and its former chief financial officer in the United States District Court for the Eastern District of Pennsylvania (the "Pennsylvania Litigation"). *See* Case No. 2:22-cv-02100-NIQA (E.D. Pa. May 27, 2022).

7. Only two other creditors filed claims in this case.

8. On May 24, 2023, creditor Duane Morris LLP filed Proof of Claim 1-1 asserting an unsecured claim against the Debtor in the amount of $42,820.50 for prepetition legal services.

2

9. On May 26, 2023, creditor First Citizens Bank & Trust Company filed Proof of Claim 2-1 asserting a secured claim against the Debtor in the amount of $46,899.44 pursuant to certain personal property leases with the Debtor.

10. On August 25, 2023, the Trustee filed his Claim Objection objecting to the Wise Claim in its entirety.

11. Based upon the Trustee's evaluation of the Debtor's assets, he presently believes that the funds ultimately available for payment of all claims in this case will be less than 1% of the total dollar amount of filed claims. The funds available to pay unsecured creditors after accounting for the administrative costs incurred by the Trustee in administering this case or prosecuting the Claim Objection will be even less.

12. Accordingly, between the date of filing of the Claim Objection and the filing of this Motion, the Parties have attempted to engage in settlement discussions to resolve the Claim Objection without the need for costly litigation that will further deplete the resources available to Wise and the other creditors in this case. After nearly ten weeks, the Parties have not made any progress in reaching a negotiated resolution and no such resolution is on the horizon.

## **RELIEF REQUESTED**

13. Pursuant to Local Bankruptcy Rule 9019-2, the Parties request that the Court enter the Proposed Order referring the Wise Proof of Claim and Claim Objection to mandatory mediation with a current or former bankruptcy judge to be appointed by this Court. Given the vast gap between the $25 million asserted by the Wise Proof of Claim and the extremely limited assets available for creditors in this case, the Parties believes that a settlement that avoids the substantial costs of litigation is in the best interest of all parties and that a judicial mediator is necessary to

facilitate productive settlement discussions. Additional delay in resolving this matter will only further deplete the funds available to pay Wise and the Debtor's other creditors.

14. The Trustee further requests, and Wise has agreed, that such mediation be conducted in person and with both the Trustee and Wise in attendance, with any costs of mediation to be split evenly between the parties. The Parties propose that the mediation schedule be established at the discretion of the judicial mediator appointed by the Court, but with the mediation to occur no later than January 31, 2024 to ensure that the Proof of Claim and Claim Objection move forward in a timely manner.

## CONCLUSION

15. For the reasons stated herein, the Parties respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit A granting the Motion, referring the Wise Proof of Claim and Claim Objection to mandatory mediation with a judicial mediator, and granting such other and further relief as the Court deems necessary and proper.

Dated: November 8, 2023

Respectfully submitted,

*/s/ David W. Gaffey*
David W. Gaffey (Bar No. VA031)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON, LLP**
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042-4510
Telephone: (703) 280-3374
E-Mail: dgaffey@whitefordlaw.com
         adesimone@whitefordlaw.com

*Special Counsel to William Douglas White, Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 8, 2023, I served a copy of the foregoing via CM/ECF upon all parties receiving notice thereby and by first-class mail, postage prepaid, or where available, by email upon:

**Prajna Strategy LLC**
Attn: Kristen Clark
108 R Street NE
Washington, DC 20002

**U.S. Trustee for Region Four**
U.S. Trustee's Office
1725 Duke Street, Suite 650
Alexandria, VA 22314

**Jon Wise**
c/o Jennifer C. Bell, Esquire
Christopher A. Macey, Jr., Esquire
Bell & Bell LLP
1617 John F. Kennedy Blvd., Suite 1254
Philadelphia, PA 19103

                                       */s/ David W. Gaffey*
                                       David W. Gaffey