**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: ) | |
| ) | |
| PRAJNA STRATEGY, LLC ) | Case No. 23-00032-ELG |
| ) | |
| Debtor. ) | Chapter 7 |
| ) | |

**CONSENT ORDER GRANTING MOTION
TO REFER CASE TO JUDICIAL MEDIATION**

This matter having come before this Court on the *Consent Motion to Refer Case to Judicial Mediation Pursuant to Local Bankruptcy Rule 9019-2* (the "Motion"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this matter is a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having found it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion was appropriate under the circumstances and that no other or further notice need be provided; and this Court having reviewed the Motion and all other related materials, and having heard any argument in support or in opposition to the relief requested therein at any hearing before this Court; and the Court having determined that a mediation that may result in a mutually agreeable resolution of all or some of the issues related to the Wise Proof of Claim and Claim Objection is in the best interest of all

parties in this case; and this Court having determined that the legal and factual bases set forth in the Motion and at any hearing thereon establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. _____ is appointed to serve as the mediator in this matter (the "Mediator").

3. William Douglas White (the "Trustee"), chapter 7 trustee for the bankruptcy estate of Prajna Strategy, LLC, and claimant Jon Wise ("Wise") shall make a good faith attempt to resolve this action through mediation and shall attend in person all mediation sessions scheduled by the Mediator.

4. The parties shall provide to the Mediator such documents, information, and confidential statements of position as the Mediator may request, which materials shall not be shared by the Mediator with any person, including any other parties, without the consent of the sharing or producing party.  The provision of any documents or information to the Mediator pursuant to the foregoing sentence shall not waive, limit, or otherwise impact any attorney-client privilege, work-product doctrine, common interest or joint defense privilege or any other privilege, right or immunity the parties may be entitled to claim or invoke.

5. The scheduling and location of all mediation sessions, deadlines to provide mediation statements and other submissions, and other policies and procedures governing the mediation will be determined by the Mediator; however, the mediation shall occur in person on or prior to January 31, 2024, unless extended by further Court order.

6. All discussions, emails and other writings, and other communications of any kind by the parties and all submissions prepared by the parties as part of the mediation shall be

protected under Rule 408 of the Federal Rules of Evidence and any equivalent or comparable state law.

7.  Each party shall be responsible for one-half of any fees and costs incurred by the Mediator, which amounts shall be paid within thirty days of invoice.

8.  In the event that the mediation concludes without a resolution of the Claim Objection, the Trustee shall file a motion with the Court for entry of a scheduling order (the "Scheduling Order") governing the prosecution of the Claim Objection.  Any deadlines to respond to discovery requests issued by the parties in connection with the Claim Objection shall be stayed and shall not begin to run until the date for the commencement of discovery to be set in the Scheduling Order.

9.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**WE ASK FOR THIS:**

*/s/ David W. Gaffey*
**WHITEFORD, TAYLOR & PRESTON, LLP**
David W. Gaffey (Bar No. VA031)
Alexandra G. DeSimone (admitted *pro hac vice*)
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042-4510
Telephone: (703) 280-3374
E-Mail: dgaffey@whitefordlaw.com
       adesimone@whitefordlaw.com

*Special Counsel to William Douglas White, Chapter 7 Trustee*

-with-

*/s/ Christopher A. Macey, Jr.* (by email authorization on 11/8/2023)
**THE VERSTANDIG LAW FIRM, LLC**
Maurice B. VerStandig, Esquire

3

9812 Falls Road, #114-160
Potomac, Maryland 20854
Telephone: (301) 444-4600
E-Mail: mac@mbvesq.com

-and-

**BELL & BELL LLP**
Jennifer C. Bell, Esquire
Christopher A. Macey, Jr., Esquire
1617 John F. Kennedy Blvd., Suite 1254
Philadelphia, PA 19103
Telephone: (215) 569-2285
Email: jenniferbell@bellandbelllaw.com
       christophermacey@bellandbelllaw.com

*Counsel to Jon Wise*

Copies to:

U.S. Trustee for Region Four
U.S. Trustee's Office
1725 Duke Street, Suite 650
Alexandria, VA 22314

Jon Wise
c/o Jennifer C. Bell, Esquire
Christopher A. Macey, Jr., Esquire
Bell & Bell LLP
1617 John F. Kennedy Blvd., Suite 1254
Philadelphia, PA 19103