**WHITEFORD, TAYLOR & PRESTON, LLP**
David W. Gaffey (Bar No. VA 031)
Alexandra G. DeSimone (admitted *pro hac vice*)
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042-4510
Telephone: (703) 280-3374
E-Mail: dgaffey@whitefordlaw.com
         adesimone@whitefordlaw.com

*Special Counsel to William Douglas White, Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | ) |
| | ) |
| PRAJNA STRATEGY, LLC | ) Case No. 23-00032-ELG |
| | ) |
| Debtor. | ) Chapter 7 |
| | ) |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

William Douglas White (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Prajna Strategy, LLC (the "Debtor"), and Jon Wise ("Wise" and, together with the Trustee, the "Parties"), by their respective undersigned counsel, hereby jointly file this motion (the "Motion") pursuant to § 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9019 (a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9019-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "Local Bankruptcy Rules"), for entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order") approving the Settlement Agreement attached hereto as Exhibit B (the "Settlement Agreement") between the Parties in full and final satisfaction of all disputes between the Parties, including Proof of Claim No. 3-1 (the "Wise Claim") and the *Chapter 7 Trustee's Objection to Proof of Claim No. 3-1 Filed By Jon Wise* (Docket No. 12) (the "Objection"). In support of this Motion, the Parties state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Columbia (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to, among other sections, 28 U.S.C. § 157(b)(2)(B).

2. The Court has authority to grant the relief requested herein pursuant to § 105(a) of the Bankruptcy Code, Bankruptcy Rule 9019(a), and Local Bankruptcy Rule 9019-1.

**BACKGROUND**

3. On January 19, 2023, the Debtor filed a bankruptcy case under chapter 7 of the Bankruptcy Code.

4. On January 25, 2023, the Trustee was appointed as the chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity.

5. The Court established May 30, 2023, as the general bar date to file claims in this case.

6. On May 26, 2023, Wise filed the Wise Claim. The Wise Claim asserts a claim against the estate for alleged "breach of contract, wrongful termination, discrimination, [and] retaliation" in the amount of $25,060,909.00, comprising amounts allegedly owed for base salary, back pay, front pay, unpaid income distribution, loss of former business income, loss of equity value, and attorneys' fees. The Wise Claim attaches as support a complaint (the "Wise Complaint") filed by Wise against the Debtor, its former CEO, and its former chief financial officer in the United States District Court for the Eastern District of Pennsylvania (the "Pennsylvania Litigation"). *See* Case No. 2:22-cv-02100-NIQA (E.D. Pa. May 27, 2022).

7. Only two other creditors filed claims in this case.

8. On May 24, 2023, creditor Duane Morris LLP filed Proof of Claim 1-1 asserting an unsecured claim against the Debtor in the amount of $42,820.50 for prepetition legal services.

9. On May 26, 2023, creditor First Citizens Bank & Trust Company filed Proof of Claim 2-1 asserting a secured claim against the Debtor in the amount of $46,899.44 pursuant to certain personal property leases with the Debtor. The Trustee presently is evaluating the alleged secured status of Claim 2-1.

10. On August 25, 2023, the Trustee filed his Objection objecting to the Wise Claim in its entirety.

11. The Trustee's initial inquiry into the Wise Claim and preparation of the Objection made clear that litigating the Objection likely would involve extensive discovery, numerous depositions, and a fact-intensive trial, the cost of which likely would be significant and consume most if not all of the estate's resources. Based upon the Trustee's evaluation of the Debtor's assets, he presently believes that the funds ultimately available for payment of claims of all priorities in this case will be less than 1% of the more than $25 million total dollar amount of filed claims. The funds available to pay unsecured creditors after accounting for the administrative costs incurred by the Trustee in administering this case or prosecuting the Claim Objection will be even less.

12. Accordingly, the Parties engaged in a settlement process to avoid the unnecessary expense, delay, and frustration that would be incurred in litigating the Wise Claim and the Objection.

13. On November 16, 2023, the Court entered an Order (Docket No. 26) referring the matter to judicial mediation before the Honorable Lori S. Simpson.

14. Just before mediation was scheduled to commence, the Parties reached a settlement in principle resolving the Objection, which was memorialized in a Binding Term Sheet and later

3

the Settlement Agreement. The Parties believe the Settlement Agreement is in the best interest of the Parties, the Debtor, the estate, and its creditors because it avoids the expense, delay, and uncertainty of further litigation in connection with the Wise Claim.

## **THE SETTLEMENT AGREEMENT**

15. The Parties agree and propose to fully and finally resolve all matters between them, including the Wise Claim and the Objection, pursuant to the terms set forth in the Settlement Agreement, the key terms of which are summarized below:[1]

   a. The Wise Claim shall be allowed as a general unsecured claim in the amount of Two Hundred and Fifty Thousand Dollars ($250,000) in full and final satisfaction of all liabilities and obligations of the Debtor, the Trustee, and/or the Debtor's bankruptcy estate to Wise. Nothing in the Settlement Agreement shall affect liabilities and obligations of Third Parties (as defined in the Settlement Agreement) to Wise.

   b. In the event that any insurance proceeds are realized from the Debtor's employment practices liability insurance policy issued by The Hartford insurance company, such proceeds will be paid 40% to the Debtor's bankruptcy estate and 60% to Wise.

   c. Nothing in the Settlement Agreement shall prejudice and shall not waive or in any way release Wise's claims as to any third parties, including but not limited to Debtor's former chief executive officer and the Debtor's former chief financial officer (all such parties, the "Third Parties"), or to any applicable insurance that any Third Party might have to cover the claims against them. For the avoidance of doubt, Third Parties shall not include the Trustee, the Debtor, or the Debtor's bankruptcy estate or any professionals, agents, or advisors thereof.

   d. To avoid further cost and burden on the Debtor's bankruptcy estate, Wise shall not contest or object to any administrative claims the Trustee and/or his professionals may file.

   e. The Parties acknowledge and agree that the Settlement Agreement is entered into as a litigation-cost settlement to avoid the expense and uncertainty of litigation, and that the Settlement Agreement does not constitute a finding or admission of or with respect to any allegation made by any Party in connection with the matters addressed therein, or any alleged wrongdoing, liability, or unlawful conduct of any kind by any Party.

---

[1] In the event of any conflict between this summary and the Settlement Agreement, the Settlement Agreement shall control.

    f.    The Parties shall exchange mutual releases as set forth in the Settlement Agreement. Upon entry of an order approving the Settlement Agreement, Wise shall dismiss the Debtor from the Pennsylvania Litigation with prejudice.

## RELIEF REQUESTED

16.    Through this Motion, the Parties respectfully request entry of an order (i) approving the Settlement Agreement, (ii) authorizing the Parties to take any and all other necessary actions to effectuate the Settlement Agreement as provided for herein, and (iii) granting Wise relief from the automatic stay (to any extent required) to pursue and/or continue claims related to the Wise Claim against Third Parties.

## BASIS FOR RELIEF

17.    Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Bankruptcy Rule 9019(a) further provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises and settlements "are a normal part of a bankruptcy case." *Plaza at Latham Assocs. v. Citicorp N. Am., Inc.*, 150 B.R. 507, 514 (N.D.N.Y. 1993); *Nussbaum v. United States (In re Smith)*, 210 B.R. 689, 692 (Bankr. D. Md. 1997) (same).

18.    The decision whether to approve a compromise under Bankruptcy Rule 9019 is left to the discretion of the Court, which must determine if the compromise or settlement is fair and equitable. *See In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997); *In re Marvel Entm't Group, Inc.*, 222 B.R. 243 (D. Del. 1998). The Court is not required to conduct a "mini-trial" of the underlying case, but instead must only decide whether the proposed settlement falls "below the lowest point in the range of reasonableness." *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995) (citations omitted); *see also In re Yelverton*, 527 B.R. 557, 563 (D.C. 2014). In approving

5

a settlement, the Court should further consider: "(1) the probability of success in the litigation; (2) difficulties, if any, with collection; (3) the complexity of the litigation, including the expense, inconvenience, and delay attendant to the litigation; and (4) the interest of creditors." *In re Yelverton*, 527 B.R. at 563.

19. Here, the best interests of the estate, its creditors, and other parties in interest are well served by approval of the Settlement Agreement. The Settlement Agreement represents a litigation-cost settlement that limits the estate's liability on the Wise Claim to less than 1% of the face value of the asserted claim and avoids the need for costly, drawn-out litigation of the causes of action asserted therein, which are numerous, highly sensitive, and very fact-specific. Litigating the Objection would require extensive document discovery, numerous depositions, and a lengthy and fact-intensive trial on Wise's labor claims requiring the testimony of numerous witnesses. A litigation-cost settlement of the Wise Claim therefore is in the best interest of all creditors because it increases the likelihood that the Trustee will be able to make a meaningful distribution to creditors in this case, as it ensures that litigation costs won't overwhelm the estate's limited resources.

20. Based upon the foregoing, the Parties assert that the Settlement Agreement is justified, reasonable, and should be approved.

## RELIEF FROM THE AUTOMATIC STAY

21. Consistent with the Settlement Agreement, the Parties further request that Wise be granted relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code, to any extent that such relief is required and effective upon entry of an order approving the Settlement Agreement, to pursue and/or continue claims against Third Parties related to the Wise Claim and against any applicable insurance that any such Third Party might have to cover the claims against

them, and to take all other actions as may be necessary to effectuate the Settlement Agreement. The Parties agree that such relief is necessary and appropriate given that Wise's claims against Third Parties are specifically preserved in the Settlement Agreement and that the Debtor's estate has no interest in delaying such relief.

### **NOTICE OF MOTION**

22. In accordance with Bankruptcy Rule 2002(a), notice of this Motion has been or will shortly be given to the Debtor, the Office of the United States Trustee, all creditors in this bankruptcy case, and those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Parties submit that no other or further notice is necessary.

WHEREFORE, for the reasons stated herein, the Parties respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit A granting the Motion and approving the Settlement Agreement, and grant such other and further relief as this Court may find just and proper.

Dated: February 1, 2024            Respectfully submitted,

*/s/ David W. Gafffey*
David W. Gaffey (Bar No. VA031)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON, LLP**
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042-4510
Telephone: (703) 280-3374
E-Mail: dgaffey@whitefordlaw.com
          adesimone@whitefordlaw.com

*Special Counsel to William Douglas White, Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2024, I served a copy of the foregoing via CM/ECF upon all parties receiving notice thereby and by first-class mail, postage prepaid, or where available, by email on the parties listed on the attached service list.

*/s/ David W. Gaffey*
David W. Gaffey

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PRAJNA STRATEGY, LLC | ) | Case No. 23-00032-ELG |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

**ORDER GRANTING JOINT MOTION TO**
**APPROVE SETTLEMENT AGREEMENT PURSUANT**
**TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

Upon consideration of the *Joint Motion to Approve Settlement Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "Motion")[1] filed by William Douglas White (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Prajna Strategy, LLC (the "Debtor"), and Jon Wise ("Wise"), by and through their respective counsel, pursuant to § 105(a) of the Bankruptcy Code, Bankruptcy Rule 9019(a), and Local Bankruptcy Rule 9019-1, seeking approval of the Settlement Agreement attached to the Motion as Exhibit B (the "Settlement Agreement"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this matter is a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having found it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

district is proper under 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion was appropriate under the circumstances and that no other or further notice need be provided; and this Court having reviewed the Motion and all other related materials, and having heard any argument in support or in opposition to the relief requested therein at any hearing before this Court; and the Court finding that the Settlement Agreement is fair and equitable and in the best interest of the estate, the Debtor, its creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Any objections to the Motion and/or the Settlement Agreement are hereby OVERRULED.

3. The Settlement Agreement is hereby APPROVED.

4. The Parties are hereby authorized and directed to take all actions necessary to effectuate the terms of this Order.

5. Upon entry of this Order, (i) Wise is granted relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code to pursue and/or continue claims against Third Parties related to the Wise Claim and against any applicable insurance that any such Third Party might have to cover the claims against them; and (ii) Wise shall dismiss the Debtor from the Pennsylvania Litigation with prejudice.

6. The Court retains exclusive jurisdiction to hear and decide any disputes arising from this Order.

**WE ASK FOR THIS:**

*/s/*_____
**WHITEFORD, TAYLOR & PRESTON, LLP**
David W. Gaffey (Bar No. VA031)
Alexandra G. DeSimone (admitted *pro hac vice*)
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042-4510
Telephone: (703) 280-3374
E-Mail: dgaffey@whitefordlaw.com
         adesimone@whitefordlaw.com

*Special Counsel to William Douglas White, Chapter 7 Trustee*

-with-

*/s/*_____
**THE VERSTANDIG LAW FIRM, LLC**
Maurice B. VerStandig, Esquire
9812 Falls Road, #114-160
Potomac, Maryland 20854
Telephone: (301) 444-4600
E-Mail: mac@mbvesq.com

-and-

**BELL & BELL LLP**
Jennifer C. Bell, Esquire
Christopher A. Macey, Jr., Esquire
1617 John F. Kennedy Blvd., Suite 1254
Philadelphia, PA 19103
Telephone: (215) 569-2285
Email: jenniferbell@bellandbelllaw.com
       christophermacey@bellandbelllaw.com

*Counsel to Jon Wise*

**<u>Exhibit B</u>**

**Settlement Agreement**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made as of January 19, 2024, by and between (i) William Douglas White (the "Trustee"), as chapter 7 trustee of the bankruptcy estate of Prajna Strategy, LLC (the "Debtor"), and (ii) Jon Wise ("Wise"). The Trustee and Wise are collectively referred to herein as the "Parties" and each as a "Party."

## RECITALS

WHEREAS, on January 19, 2023, the Debtor filed a bankruptcy case under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Court"). The Trustee was appointed as the chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity.

WHEREAS, on May 26, 2023, Wise filed his Proof of Claim No. 3-1 (the "Proof of Claim") in the Debtor's bankruptcy case. The Proof of Claim asserts a claim against the estate in the amount of $25,060,909 (the "Wise Claim Amount"). The basis for the Proof of Claim is set forth in a complaint (the "Complaint") filed on May 27, 2022, against the Debtor, the Debtor's former chief executive officer Kristen Clark ("Clark"), and the Debtor's former chief financial officer Cheryl Heller ("Heller"), in the United States District Court for the Eastern District of Pennsylvania (the "Pennsylvania Litigation"). *See* Case No. 2:22-cv-02100-NIQA (E.D. Pa. May 27, 2022). The Complaint is attached to the Proof of Claim as an exhibit.

WHEREAS, on August 25, 2023, the Trustee filed his *Chapter 7 Trustee's Objection to Proof of Claim 3-1 Filed By Jon Wise* (the "Objection") objecting to the Wise Claim in its entirety. *See* Docket No. 12.

WHEREAS, on September 8, 2023, Wise filed his *Opposition to Chapter 7 Trustee's Objection to Proof of Claim 3-1 Filed By Jon Wise* asserting his entitlement to the full Wise Claim Amount. *See* Docket No. 22.

WHEREAS, on November 8, 2023, the Trustee and Wise filed their *Consent Motion to Refer Case to Judicial Mediation Pursuant to Local Bankruptcy Rule 9019-2* requesting that the Proof of Claim and Objection thereto be referred to mandatory mediation with a current or former bankruptcy judge to be appointed by the Bankruptcy Court. *See* Docket No. 25. The appointed mediator, Judge Lori Simpson of the United States Bankruptcy Court for the District of Maryland (the "Mediator"), scheduled a mediation to be held on January 9, 2024.

WHEREAS, on January 8, 2024, the Parties entered into that certain Binding Term Sheet resolving the Proof of Claim and the Objection, the terms of which are binding, irrevocable, and enforceable on the Parties.

WHEREAS, to avoid the significant expense, distraction, and uncertainty of further litigation regarding the Proof of Claim, the Parties desire to execute this Agreement to resolve all outstanding obligations and disputes between them.

1

## AGREEMENT

NOW THEREFORE, in consideration of the foregoing, the covenants set forth in this Agreement, and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Recitals.** The foregoing recitals are incorporated herein by reference.

2. **Incorporation of Term Sheet.** The Binding Term Sheet executed by the Parties on January 8, 2024, is incorporated as if set forth herein. In the event of a conflict between the Binding Term Sheet and this Agreement, this Agreement shall control.

3. **Allowance of Proof of Claim.**

    a. The Proof of Claim shall be allowed as a general unsecured claim in the amount of Two Hundred and Fifty Thousand Dollars ($250,000) in full and final satisfaction of all liabilities and obligations of the Debtor, the Trustee, and/or the Debtor's bankruptcy estate to Wise. Nothing herein shall affect liabilities and obligations of Third Parties (as defined below) to Wise.

    b. In the event that any insurance proceeds are realized from the Debtor's employment practices liability insurance policy issued by The Hartford insurance company, such proceeds will be paid 40% to the Debtor's bankruptcy estate and 60% to Wise.

4. **Preservation of Claims Against Third Parties.** Nothing in this Agreement shall prejudice and shall not waive or in any way release Wise's claims as to any third parties, including but not limited to Heller and Clark (all such parties, the "Third Parties") or to any applicable insurance that any Third Party might have to cover the claims against them. For the avoidance of doubt, Third Parties shall not include the Trustee, the Debtor, or the Debtor's bankruptcy estate or any professionals, agents, or advisors thereof. The Debtor, its bankruptcy estate, and the Trustee agree that Wise's claims against the Third Parties are not affected by this Agreement.

5. **No Admission of Liability.** The Parties acknowledge and agree that this Agreement is entered into as a litigation-cost settlement to avoid the expense and uncertainty of litigation. This Agreement does not constitute a finding or admission of or with respect to any allegation made by any Party in connection with the matters addressed herein, or any alleged wrongdoing, liability, or unlawful conduct of any kind by any Party.

6. **Waiver of Wise Objections to Administrative Claims.** To avoid further cost and burden on the Debtor's bankruptcy estate, Wise shall not contest or object to any administrative claims the Trustee and/or his professionals may file.

7. **Bankruptcy Court Approval.** This Agreement is binding upon the Parties subject only to entry of an order of the Bankruptcy Court approving the Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "9019 Order"). Upon execution of this Agreement by all Parties, the Trustee shall promptly file a motion with the Bankruptcy Court requesting approval of

2

this Agreement (the "Settlement Motion"). The Settlement Motion shall request that Wise be granted relief from the automatic stay, effective upon the entry of the 9019 Order, to pursue and/or continue claims against Third Parties and any applicable insurance that any Third Party might have to cover the claims against them, and to take all actions as may be necessary to effectuate this Agreement.

The Parties shall use their best efforts to obtain Bankruptcy Court approval of the Settlement Motion. If the Bankruptcy Court denies approval of the Settlement Motion on a final basis for any reason, this Agreement shall be null and void. In the event of denial of the Settlement Motion by the Bankruptcy Court, the Parties agree to resume mediation with the Mediator in an effort to reach a revised settlement consistent with any findings, conclusions, or concerns articulated by the Bankruptcy Court with respect to this Agreement.

8. **Releases.** In exchange for the covenants and agreements set forth in this Agreement, and other good and valuable consideration provided by each of the Parties in connection with this Agreement, upon entry of the 9019 Order approving this Agreement, each Party and all of its respective successors, assigns, employees, attorneys, professionals, advisors, affiliates, and agents, shall release the other Party or Parties from any and all claims, counterclaims, rights, losses, liabilities, damages, causes of action, or demands, whether asserted or unasserted, known or unknown, in connection with the Debtor's bankruptcy case, other than any specific obligations created or preserved by this Agreement. The foregoing release shall be automatically effective upon entry of the order of the 9019 Order without any further action by either of the Parties. For the avoidance of doubt, upon entry of the 9019 Order Wise shall dismiss the Debtor from the Pennsylvania Litigation with prejudice. For the further avoidance of doubt, nothing in this Agreement or this paragraph shall prejudice and shall not waive or in any way release Wise's claims as to any Third Parties, including but not limited to Heller and Clark, or to any applicable insurance that any Third Party might have to cover the claims against them.

9. **Notices.** Any notice or other correspondence sent in connection with this Agreement shall be sent via email and first-class mail to:

**If to the Trustee, to:**

William Douglas White, Chapter 7 Trustee
McCarthy & White, PLLC
8205 Pettit Court
McLean, VA 22102
Email: wdw@mccarthywhite.com

With a copy (which itself shall not constitute notice) to:

Whiteford, Taylor & Preston, LLP
Attn: David W. Gaffey, Esq.
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042
Email: dgaffey@whitefordlaw.com

3

**If to Wise, to:**

Jon Wise
2200 Benjamin Franklin Parkway, N1909
Philadelphia, PA 19130

With a copy (which itself shall not constitute notice) to:

Bell & Bell LLP
Attn: Christopher A. Macey, Jr.
1617 John F. Kennedy Blvd.
Suite 1254
Philadelphia, PA 19103
Email: christophermacey@bellandbelllaw.com

The foregoing addresses may be changed upon written notice to the other Parties, which change of address shall be effective upon receipt of such notice by the receiving Parties.

10. **Good Faith Settlement.** The Parties agree that the Agreement constitutes a good faith settlement of all disputes between the Parties, and acknowledge that this Agreement is entered into freely and voluntarily.

11. **Authority to Execute.** Each Party to this Agreement represents and warrants to the other party that no other person or entity has claimed, or now claims, any interest in the subject matter of this Agreement, that each Party has the authority to execute this Agreement, that each Party has made no assignment, and will make no assignment of any claim, cause of action, right of action, or any right whatsoever embodied in any of the claims referred to in this Agreement and that no other person or entity of any kind has any interest in any of the demands, allegations, causes of action, debts, liabilities, rights, contracts, damages, attorney's fees, costs, expenses, losses or claims referred to in this Agreement.

12. **Time of the Essence.** The Parties agree that time is of the essence as to each Party's performance of all obligations under this Agreement.

13. **Language Construction.** This Agreement is the product of negotiation and preparation by and among the Parties and their legal counsel. The Parties agree that this Agreement shall be deemed to have been drafted equally by both parties and shall not be presumptively construed either in favor or against any of the Parties hereto.

14. **Severability.** If following the approval of this Agreement by the Bankruptcy Court any term or condition of this Agreement is deemed to be illegal or unenforceable, then that term or condition shall be deemed stricken and all remaining terms and conditions shall remain in full force and effect.

15. **Necessary Act and Papers.** The Parties agree to execute all documents as well as take all acts necessary to perform the terms, conditions and purpose of this Agreement.

16. **Entire Agreement.** This Agreement contains the entire agreement between the Parties in relation to the matters described herein, and no representations, inducements, promises, agreements or understandings of any kind, either written or oral, shall be binding upon the Parties unless expressly contained herein. All negotiations, discussions, and communications leading up to this Agreement are merged herewith and shall not be the basis for any legal rights, claims or defenses in relation to any litigation, challenge to this Agreement, or otherwise. This Agreement is a complete and exhaustive statement of the terms of and bases for the Parties' agreement, which may not be explained or supplemented by evidence of any prior or contemporaneous agreement or understanding. This Agreement may be amended only through a writing signed by all of the Parties.

17. **Governing Law/Venue.** The validity, enforceability and interpretation of this Agreement will be determined and governed by the laws of the District of Columbia. The Parties consent to the exclusive jurisdiction of the Bankruptcy Court with respect to any dispute relating to or arising out of the Agreement. In the event that the Bankruptcy Court is unable or unwilling to hear any such dispute, the Parties agree that the federal and state courts for the District of Columbia then shall have the exclusive jurisdiction to hear such dispute, and that venue in such courts is proper.

18. **WAIVER OF JURY TRIAL. THE PARTIES, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVE, RELINQUISH AND FOREVER FORGO THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO THIS AGREEMENT.**

19. **Counterparts.** This Agreement may be signed in counterparts, each of which shall be deemed an original. The Parties' signatures may be evidenced by PDF or facsimile transmissions, and each Party may rely on a PDF or facsimile signature on behalf of the other Party as proof of the other Party's execution of this Agreement. This Agreement shall become effective when the counterparts have been signed by each of the Parties.

20. **Attorney's Fees.** Each Party shall bear its own costs and expenses incurred in reaching and obtaining approval of this Agreement. Should any Party breach this Agreement, the non-breaching Party or Parties will be entitled to an award of their costs and reasonable attorney's fees expended (a) in any legal action to enforce the terms of this Agreement in which the non-breaching Party substantially prevails; or (b) to defend a charge, claim, lawsuit or any other type of action which has been settled, waived, or released herein.

21. **Binding Effect.** This Agreement shall be binding upon and shall inure to the benefit of each of the Parties to this Agreement and upon their respective successors and assigns.

22. **Opportunity to Consider and Confer.** Parties acknowledge that each Party has had time to read, study, consider and deliberate upon this Agreement and has had the opportunity to consult with counsel of their choice, and that all Parties fully understand and are in complete agreement with all the terms of this Agreement.

**IN WITNESS WHEREOF**, the Parties, affirming that they are in possession of and have reviewed all pages of this Agreement, have duly executed and delivered this Agreement as of the date first set forth above.

**WILLIAM DOUGLAS WHITE, CHAPTER 7 TRUSTEE**

By: _____
Name: William D. White, Trustee
Title: Chapter 7 Trustee for the Bankruptcy Estate of Prajna Strategy, LLC

**JON WISE**

By: _____