**WHITEFORD, TAYLOR & PRESTON, LLP**
David W. Gaffey (Bar No. VA031)
Alexandra G. DeSimone (Bar No. VA184)
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042-4510
Telephone: (703) 280-3374
E-Mail: dgaffey@whitefordlaw.com
          adesimone@whitefordlaw.com

*Special Counsel to William Douglas White, Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: ) | |
| ) | |
| PRAJNA STRATEGY, LLC ) | Case No. 23-00032-ELG |
| ) | |
| Debtor. ) | Chapter 7 |
| ) | |

### MOTION TO APPROVE SETTLEMENT AGREEMENT
### PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

William Douglas White (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Prajna Strategy, LLC (the "Debtor"), hereby files this motion (the "Motion") pursuant to § 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9019 (a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9019-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "Local Bankruptcy Rules"), for entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order") approving the Settlement Agreement between the Trustee and First-Citizens Bank & Trust Company, as successor by merger to CIT Bank, N.A. ("First-Citizens" and, together with the Trustee, the "Parties"), attached hereto as Exhibit B (the "Settlement Agreement") in full and final satisfaction of all disputes between the Parties with respect Proof of Claim No. 2-1 (the "First-Citizens Claim"). In support of this Motion, the Trustee states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Columbia (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to, among other sections, 28 U.S.C. § 157(b)(2)(B).

2. The Court has authority to grant the relief requested herein pursuant to § 105(a) of the Bankruptcy Code, Bankruptcy Rule 9019(a), and Local Bankruptcy Rule 9019-1.

## BACKGROUND

3. On January 19, 2023, the Debtor filed a bankruptcy case under chapter 7 of the Bankruptcy Code.

4. On January 25, 2023, the Trustee was appointed as the chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity.

5. Prior to the Petition Date, the Debtor maintained a bank account at TD Bank (the "Bank Account"). The Bank Account was the Debtor's sole asset of substantial value on the Petition Date.

6. The Court established May 30, 2023, as the general bar date to file claims in this case.

7. On May 26, 2023, First-Citizens filed its Proof of Claim No. 2-1 asserting a secured claim in the amount of $46,899.44 (the "Secured Claim"). A copy of the Secured Claim is attached hereto as Exhibit C. The basis for the Secured Claim is financing provided by First-Citizens for the lease of certain laptop computers by the Debtor. First-Citizens is the Debtor's only secured creditor, as no other party has asserted a secured claim in this case.[1]

---

[1] In fact, only two other creditors filed claims of any kind in this case. Creditor Duane Morris LLP filed Proof of Claim 1-1 asserting an unsecured claim against the Debtor in the amount of $42,820.50 for prepetition legal

2

8. First-Citizens asserts that the Secured Claim is secured by all assets of the Debtor pursuant to that certain Master Lease Agreements between the Parties. On December 20, 2021, First-Citizens filed a UCC Financing Statement (the "Financing Statement") in the District of Columbia which it asserts perfected its security interest in all assets of the Debtor including the Bank Account. Copies of the Master Lease Agreements and the UCC Financing Statement are included in the Secured Claim attached hereto as Exhibit C.

9. The Trustee disputes First-Citizens' assertion that the Financing Statement perfected its security interest in the Bank Account under the Uniform Commercial Code (as adopted by the District of Columbia).

10. The Trustee and First-Citizens entered into good faith settlement discussions to avoid the unnecessary expense and delay that would be incurred in filing an objection to and litigating the Secured Claim, and reached a settlement of the Trustee's objection as set forth in the Settlement Agreement. The Parties believe the Settlement Agreement is in the best interest of the Parties, the Debtor, the estate, and its creditors because it avoids the additional cost and uncertainty of litigation in connection with the Secured Claim.

## THE SETTLEMENT AGREEMENT

11. The Parties agree and propose to fully and finally resolve all matters regarding the Secured Claim pursuant to the terms set forth in the Settlement Agreement, the key terms of which are summarized below:[2]

> a. The Secured Claim shall be allowed as a secured claim in the amount of **Twenty Thousand Dollars ($20,000)** (the "Agreed Claim Amount") in full and final

---

services. Creditor Jon Wise ("Wise") filed Proof of Claim 3-1 asserting an unsecured claim against the Debtor in the amount of $25,060,909 related to his employment by the Debtor. The Trustee filed an objection to Claim 3-1, which the Trustee and Wise subsequently settled pursuant to an agreement reducing the claim amount to $250,000. *See* Docket No. 28.

[2] In the event of any conflict between this summary and the Settlement Agreement, the Settlement Agreement shall control.

3

    satisfaction of all liabilities and obligations of the Debtor, the Trustee, and/or the Debtor's bankruptcy estate to First-Citizens. The Agreed Claim Amount shall be paid to First-Citizens from the assets of the Debtor's estate on or before December 20, 2024.

b. The Settlement Agreement is binding upon the Parties subject only to entry of an order of the Bankruptcy Court approving the Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019.

c. Upon entry of an order approving the Settlement Agreement, each Party and all of its respective successors, assigns, employees, attorneys, professionals, advisors, affiliates, and agents, shall release the other Party or Parties from any and all claims, counterclaims, rights, losses, liabilities, damages, causes of action, or demands, whether asserted or unasserted, known or unknown, in connection with the Debtor's bankruptcy case, other than any specific obligations created or preserved by the Settlement Agreement. The foregoing release shall be automatically effective without any further action by either of the Parties. The Release provided by First-Citizens does not extend beyond the parameters set forth herein. For example, this release does not cover obligations (if any) of guarantors including Jonathan Wise or Kristen Clark.

## RELIEF REQUESTED

12. Through this Motion, the Trustee respectfully requests entry of an order (i) approving the Settlement Agreement, (ii) authorizing and directing the Trustee to pay the Agreed Claim Amount to First-Citizens on or before December 20, 2024, and (iii) authorizing the Parties to take any and all other necessary actions to effectuate the Settlement Agreement as provided for herein.

## BASIS FOR RELIEF

13. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Bankruptcy Rule 9019(a) further provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises and settlements "are a normal part of a bankruptcy case." *Plaza at Latham*

*Assocs. v. Citicorp N. Am., Inc.*, 150 B.R. 507, 514 (N.D.N.Y. 1993); *Nussbaum v. United States (In re Smith)*, 210 B.R. 689, 692 (Bankr. D. Md. 1997) (same).

14. The decision whether to approve a compromise under Bankruptcy Rule 9019 is left to the discretion of the Court, which must determine if the compromise or settlement is fair and equitable. *See In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997); *In re Marvel Entm't Group, Inc.*, 222 B.R. 243 (D. Del. 1998). The Court is not required to conduct a "mini-trial" of the underlying case, but instead must only decide whether the proposed settlement falls "below the lowest point in the range of reasonableness." *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995) (citations omitted); *see also In re Yelverton*, 527 B.R. 557, 563 (D.C. 2014). In approving a settlement, the Court should further consider: "(1) the probability of success in the litigation; (2) difficulties, if any, with collection; (3) the complexity of the litigation, including the expense, inconvenience, and delay attendant to the litigation; and (4) the interest of creditors." *In re Yelverton*, 527 B.R. at 563.

15. Here, the best interests of the estate, its creditors, and other parties in interest are well served by approval of the Settlement Agreement. The Settlement Agreement resolves the Parties' dispute over the Secured Claim without the need for a formal claim objection and costly trial thereon, the outcome of which is uncertain for the Debtor's estate. As are result of this settlement, the Secured Claim has been reduced by more than $26,000, which amount will now be available for and materially increase the distribution to unsecured creditors.

16. Based upon the foregoing, the Trustee asserts that the Settlement Agreement is justified, reasonable, and should be approved.

## PAYMENT OF THE AGREED CLAIM AMOUNT TO FIRST-CITIZENS

17. Consistent with the Settlement Agreement, the Parties also seek authority to pay the Agreed Claim Amount to First-Citizens from assets of the Debtor's estate on or before December 20, 2024. As the settlement provides that First-Citizens shall have an allowed, secured claim in the amount of the Agreed Claim Amount and the Debtor has no other secured creditors, First-Citizens shall have the first-priority interest in the estate's remaining assets upon approval of the Settlement Agreement. No party will be prejudiced by the immediate payment of the Agreed Claim Amount. Further, First-Citizens has made clear that the prompt payment of the Agreed Claim Amount is a material term of the Settlement Agreement and that it would not agree to the reduced Agreed Claim Amount absent such term. The Trustee therefore believes that the payment of the Agreed Claim Amount on or before December 20, 2024 is necessary and appropriate in this case.

## NOTICE OF MOTION

18. In accordance with Bankruptcy Rule 2002(a), notice of this Motion has been or will shortly be given to the Debtor, the Office of the United States Trustee, all creditors in this bankruptcy case, and those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary.

WHEREFORE, for the reasons stated herein, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A granting the Motion and approving the Settlement Agreement, and grant such other and further relief as this Court may find just and proper.

| | |
|---|---|
| Dated: November 21, 2024 | Respectfully submitted,<br><br>*/s/ David W. Gaffey*<br>David W. Gaffey (Bar No. VA031)<br>Alexandra G. DeSimone (Bar No. VA 184)<br>**WHITEFORD, TAYLOR & PRESTON, LLP**<br>3190 Fairview Park Drive, Suite 800<br>Falls Church, VA 22042-4510<br>Telephone: (703) 280-3374<br>E-Mail: dgaffey@whitefordlaw.com<br>   adesimone@whitefordlaw.com<br><br>*Special Counsel to William Douglas White, Chapter 7 Trustee* |

**CERTIFICATE OF SERVICE**

 I hereby certify that on November 21, 2024, I served a copy of the foregoing via CM/ECF upon all parties receiving notice thereby; by first-class mail, postage prepaid on the parties listed on the attached service list; and by e-mail on the parties listed below:

Prajna Strategy LLC
Attn: Kristen Clark
108 R Street NE
Washington, DC 20002
k@kristenlclark.com

U.S. Trustee for Region Four
Attn: Michael T. Freeman, Assistant U.S. Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
michael.t.freeman@usdoj.gov

First-Citizens Bank & Trust Company
c/o Kenneth D. Peters, Esq.
Dressler Peters, LLC
101 W. Grand Ave., Suite 404
Chicago, IL 60654
kpeters@dresslerpeters.com

Duane Morris LLP
Attn: Sommer L. Ross, Esq.
1201 N. Market Street, Suite 501
Wilmington, DE 19807

slross@duanemorris.com

Jon Wise
c/o Jennifer C. Bell, Esq.
Christopher A. Macey, Jr., Esq.
Bell & Bell LLP
1617 John F. Kennedy Blvd., Suite 1254
Philadelphia, PA 19103
jenniferbell@bellandbelllaw.com
christophermacey@bellandbelllaw.com

                                      */s/ David W. Gaffey*
                                      David W. Gaffey