# Exhibit B

## Settlement Agreement

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made as of November 15, 2024, by and between (i) William Douglas White (the "Trustee"), as chapter 7 trustee of the bankruptcy estate of Prajna Strategy, LLC (the "Debtor"), and (ii) First-Citizens Bank & Trust Company, as successor by merger to CIT Bank, N.A. ("First-Citizens"). The Trustee and First-Citizens are collectively referred to herein as the "Parties" and each as a "Party."

## RECITALS

WHEREAS, on January 19, 2023 (the "Petition Date"), the Debtor filed a bankruptcy case under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Court"). The Trustee was appointed as the chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity.

WHEREAS, prior to the Petition Date, the Debtor maintained a bank account at TD Bank (the "Bank Account"). The Bank Account was the Debtor's sole asset of substantial value on the Petition Date.

WHEREAS, on May 26, 2023, First-Citizens filed its Proof of Claim No. 2-1 asserting a secured claim in the amount of $46,899.44 (the "Secured Claim"). The basis for the Secured Claim is financing provided by First-Citizens for the lease of certain laptop computers by the Debtor.

WHEREAS, First-Citizens asserts that the Secured Claim is secured by all assets of the Debtor pursuant to that certain Master Lease Agreements between the Parties.

WHEREAS, on December 20, 2021, First-Citizens filed a UCC Financing Statement in the District of Columbia which it asserts perfected its security interest in all assets of the Debtor (the "Financing Statement").

WHEREAS, the Trustee disputes First-Citizens' assertion that the Financing Statement perfected its security interest in the Bank Account under the Uniform Commercial Code (as adopted by the District of Columbia), and is prepared to file an objection to the Secured Claim on that basis.

WHEREAS, to avoid the significant expense, distraction, and uncertainty of litigation regarding the Secured Claim, the Parties desire to execute this Agreement to resolve all outstanding obligations and disputes between them.

## AGREEMENT

NOW THEREFORE, in consideration of the foregoing, the covenants set forth in this Agreement, and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Recitals.** The foregoing recitals are incorporated herein by reference.

2. **Allowance and Payment of the Secured Claim.** The Secured Claim shall be allowed as a secured claim in the amount of **Twenty Thousand Dollars ($20,000)** (the "Agreed Claim Amount") in full and final satisfaction of all liabilities and obligations of the Debtor, the Trustee, and/or the Debtor's bankruptcy estate to First-Citizens. The Agreed Claim Amount shall be paid to First-Citizens from the assets of the Debtor's estate on or before December 20, 2024.

3. **No Admission of Liability.** The Parties acknowledge and agree that this Agreement is entered into as a litigation-cost settlement to avoid the expense and uncertainty of litigation. This Agreement does not constitute a finding or admission of or with respect to any allegation made by any Party in connection with the matters addressed herein, or any alleged wrongdoing or liability of any kind by any Party.

4. **Bankruptcy Court Approval.** This Agreement is binding upon the Parties subject only to entry of an order of the Bankruptcy Court approving the Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "9019 Order"). Upon execution of this Agreement by all Parties, the Trustee shall promptly file a motion with the Bankruptcy Court requesting approval of this Agreement (the "Settlement Motion"). The Parties shall use their best efforts to obtain Bankruptcy Court approval of the Settlement Motion. If the Bankruptcy Court denies approval of the Settlement Motion on a final basis for any reason, this Agreement shall be null and void.

5. **Releases.** In exchange for the covenants and agreements set forth in this Agreement, and other good and valuable consideration provided by each of the Parties in connection with this Agreement, upon entry of the 9019 Order approving this Agreement, each Party and all of its respective successors, assigns, employees, attorneys, professionals, advisors, affiliates, and agents, hereby release the other Party or Parties from any and all claims, counterclaims, rights, losses, liabilities, damages, causes of action, or demands, whether asserted or unasserted, known or unknown, in connection with the Debtor's bankruptcy case, other than any specific obligations created or preserved by this Agreement. The foregoing release shall be automatically effective upon entry of the order of the 9019 Order without any further action by either of the Parties. The Release provided by First-Citizens does not extend beyond the parameters set forth herein. For example, this release does not cover obligations (if any) of guarantors including Jonathan Wise or Kristen Clark.

6. **Notices**. Any notice or other correspondence sent in connection with this Agreement shall be sent via email and first-class mail to:

**If to the Trustee, to:**

William Douglas White, Chapter 7 Trustee
McCarthy & White, PLLC
8205 Pettit Court
McLean, VA 22102
Email: wdw@mccarthywhite.com

2

With a copy (which itself shall not constitute notice) to:

Whiteford, Taylor & Preston, LLP
Attn:  David W. Gaffey, Esq.
3190 Fairview Park Drive, Suite 800
Falls Church, VA  22042
Email:  dgaffey@whitefordlaw.com

**If to First-Citizens, to:**

First-Citizens Bank & Trust Company
Attn: Sara Bass
10201 Centurion Pkway N. Ste 100
Jacksonville, FL 33256
Email: Sara.Bass@firstcitizens.com
Phone: 904-620-7357

With a copy (which itself shall not constitute notice) to:

Kenneth D. Peters, Esq.
Dressler Peters, LLC
101 W. Grand Ave., Suite 404
Chicago, Illinois 60654
E-Mail: KPeters@DresslerPeters.com

The foregoing addresses may be changed upon written notice to the other Parties, which change of address shall be effective upon receipt of such notice by the receiving Parties.

7. **Good Faith Settlement.**  The Parties agree that the Agreement constitutes a good faith settlement of all disputes between the Parties, and acknowledge that this Agreement is entered into freely and voluntarily.

8. **Authority to Execute.**   Each Party to this Agreement represents and warrants to the other party that no other person or entity has claimed, or now claims, any interest in the subject matter of this Agreement, that each Party has the authority to execute this Agreement, that each Party has made no assignment, and will make no assignment of any claim, cause of action, right of action, or any right whatsoever embodied in any of the claims referred to in this Agreement and that no other person or entity of any kind has any interest in any of the demands, allegations, causes of action, debts, liabilities, rights, contracts, damages, attorney's fees, costs, expenses, losses or claims referred to in this Agreement.

9. **Time of the Essence.**   The Parties agree that time is of the essence as to each Party's performance of all obligations under this Agreement.

10. **Language Construction.** This Agreement is the product of negotiation and preparation by and among the Parties and their legal counsel. The Parties agree that this Agreement shall be deemed to have been drafted equally by both parties and shall not be presumptively construed either in favor or against any of the Parties hereto.

11. **Severability.** If following the approval of this Agreement by the Bankruptcy Court any term or condition of this Agreement is deemed to be illegal or unenforceable, then that term or condition shall be deemed stricken and all remaining terms and conditions shall remain in full force and effect.

12. **Necessary Act and Papers.** The Parties agree to execute all documents as well as take all acts necessary to perform the terms, conditions and purpose of this Agreement.

13. **Entire Agreement.** This Agreement contains the entire agreement between the Parties in relation to the matters described herein, and no representations, inducements, promises, agreements or understandings of any kind, either written or oral, shall be binding upon the Parties unless expressly contained herein. All negotiations, discussions, and communications leading up to this Agreement are merged herewith and shall not be the basis for any legal rights, claims or defenses in relation to any litigation, challenge to this Agreement, or otherwise. This Agreement is a complete and exhaustive statement of the terms of and bases for the Parties' agreement, which may not be explained or supplemented by evidence of any prior or contemporaneous agreement or understanding. This Agreement may be amended only through a writing signed by all of the Parties.

14. **Governing Law/Venue.** The validity, enforceability and interpretation of this Agreement will be determined and governed by the laws of the District of Columbia. The Parties consent to the exclusive jurisdiction of the Bankruptcy Court with respect to any dispute relating to or arising out of the Agreement. In the event that the Bankruptcy Court is unable or unwilling to hear any such dispute, the Parties agree that the federal and state courts for the District of Columbia then shall have the exclusive jurisdiction to hear such dispute, and that venue in such courts is proper.

15. **WAIVER OF JURY TRIAL.** **THE PARTIES, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVE, RELINQUISH AND FOREVER FORGO THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO THIS AGREEMENT.**

16. **Counterparts.** This Agreement may be signed in counterparts, each of which shall be deemed an original. The Parties' signatures may be evidenced by PDF or facsimile transmissions, and each Party may rely on a PDF or facsimile signature on behalf of the other Party as proof of the other Party's execution of this Agreement. This Agreement shall become effective when the counterparts have been signed by each of the Parties.

17. **Attorney's Fees.** Each Party shall bear its own costs and expenses incurred in

reaching and obtaining approval of this Agreement.

18. **Binding Effect.** This Agreement shall be binding upon and shall inure to the benefit of each of the Parties to this Agreement and upon their respective successors and assigns.

19. **Opportunity to Consider and Confer.** Parties acknowledge that each Party has had time to read, study, consider and deliberate upon this Agreement and has had the opportunity to consult with counsel of their choice, and that all Parties fully understand and are in complete agreement with all the terms of this Agreement.

IN WITNESS WHEREOF, the Parties, affirming that they are in possession of and have reviewed all pages of this Agreement, have duly executed and delivered this Agreement as of the date first set forth above.

WILLIAM DOUGLAS WHITE, CHAPTER 7 TRUSTEE

By: _____
Name: William D. White, Trustee
Title: Chapter 7 Trustee for the Bankruptcy Estate of Prajna Strategy, LLC


FIRST-CITIZENS BANK & TRUST COMPANY


By: _____

Name: _____

Title: _____

reaching and obtaining approval of this Agreement.

18. **Binding Effect.**  This Agreement shall be binding upon and shall inure to the benefit of each of the Parties to this Agreement and upon their respective successors and assigns.

19. **Opportunity to Consider and Confer.**  Parties acknowledge that each Party has had time to read, study, consider and deliberate upon this Agreement and has had the opportunity to consult with counsel of their choice, and that all Parties fully understand and are in complete agreement with all the terms of this Agreement.

IN WITNESS WHEREOF, the Parties, affirming that they are in possession of and have reviewed all pages of this Agreement, have duly executed and delivered this Agreement as of the date first set forth above.

WILLIAM DOUGLAS WHITE, CHAPTER 7 TRUSTEE

By: _____
Name: William D. White, Trustee
Title: Chapter 7 Trustee for the Bankruptcy Estate of Prajna Strategy, LLC


FIRST-CITIZENS BANK & TRUST COMPANY

By: _____
Name: David A. DiDonato, Jr.
Title: Vice President

5