William Douglas White #224592
8205 Pettit Court
McLean, VA 22102
703-770-9265
wdw@mccarthywhite.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | ) |
| | ) |
| PRAJNA STRATEGY, LLC | ) Case No. 23-00032-ELG |
| | ) |
| Debtor. | ) Chapter 7 |
| | ) |

**MOTION TO APPROVE SETTLEMENT AGREEMENT**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

William Douglas White (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Prajna Strategy, LLC (the "Debtor"), hereby files this motion (the "Motion") pursuant to § 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9019 (a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9019-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "Local Bankruptcy Rules"), for entry of an order substantially in the form attached (the "Proposed Order") approving the Binding Term Sheet ("Settlement Agreement") between the Trustee, on the one hand, and Kristen Clark ("Clark"), Cheryl Heller ("Heller"), Prajna Technologies Inc. ("Technologies") and Duane Morris LLP ("Duane Morris") on the other hand (collectively the "Prajna Parties") and, together with the Trustee, the "Parties"), attached hereto (the "Settlement Agreement") in full and final satisfaction of all disputes between the Parties with respect to the bankruptcy case. In support of this Motion, the Trustee states as follows:

1. The United States Bankruptcy Court for the District of Columbia (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this

district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to, among other sections, 28 U.S.C. § 157(b)(2)(B).

## BACKGROUND

2. On January 19, 2023, the Debtor filed a bankruptcy case under chapter 7 of the Bankruptcy Code. On January 25, 2023, the Trustee was appointed as the chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity.

3. The Court established May 30, 2023, as the general bar date to file claims in this case. Three claims were filed in this case, and two of those claims have already been settled by this Court's Orders on February 12, 2024 and December 13, 2024. Pursuant to the current proposed settlement, the third claim would be resolved and waived subject to Court approval.

4. The proof of claim of Jon Wise ("Wise") filed a proof of claim asserting an unsecured claim against the Debtor related to his employment. That claim was resolved pursuant to the Court's Order at Docket No. 28 approving the Trustee's compromise with Jon Wise in the amount of $250,000.

5. First-Citizens also filed a Proof of Claim asserting a secured claim in the amount of $46,899.44. The basis for the claim was the financing provided by First-Citizens for the lease of certain laptop computers held by the Debtor. That claim was fully satisfied by the settlement and will receive no further distribution pursuant to the Court's Order pertaining to First-Citizens at Docket No. 35.

6. The last proof of claim filed by Duane Morris filed a proof of claim asserting an unsecured claim against the Debtor for prepetition legal services in the amount of $42,820.50. The resolution of that claim is addressed by this current proposed settlement. Subject to this Court's approval of the Settlement Agreement, Duane Morris will waive its claim in full as part of this

settlement. Thus, once approved, this settlement will permit the Trustee to have resolved all proofs of claim against the estate and resolve any potential claims by the estate against the Debtor's principals and the Debtor's related company.

7. The Settlement Agreement will compromise the claims that the estate could assert against Kristen Clark, the principal of the Debtor, Cheryl Heller, not an employee of the Debtor but a fractional chief financial officer under contract, and the Debtor's related company, Technologies. The Trustee believes that there are no appreciable recoveries likely based on these claims.

8. Both Clark and Heller ran a successful and largely solvent company until shortly before the petition when the Debtor lost its largest client while concurrently the operations of the Debtor were becoming increasingly burdened by the contentious and disputed litigation filed by Jon Wise in the Eastern District of Pennsylvania. Moreover, while the Debtor's estate has settled Wise's claim, both Clark and Heller continue as defendants in the ongoing Pennsylvania litigation.

9. As to the claim against Technologies, the Debtor's related company, the Trustee believes that the Debtor's receivable is not collectible. While the Debtor booked a receivable against Technologies for alleged services provided pre-petition, the Trustee believes the pursuit against it would not produce a recovery based on its lack of current operations and the company's financials and tax returns.

10. The Trustee and the Prajna Parties have entered into good faith settlement discussions to avoid the unnecessary expense and delay that would be incurred in filing and litigating the respective claims and have reached a settlement of the Trustee's claims as set forth in the Settlement Agreement. The Parties believe the Settlement Agreement is in the best interest

of the Parties, the Debtor, the estate, and its creditors because it avoids the additional cost and uncertainty of litigation in connection with the outstanding claims.

## THE SETTLEMENT AGREEMENT

11.     The Parties agree and propose to resolve fully and finally their respective claims and counterclaims pursuant to the terms set forth in the Settlement Agreement, the key terms of which are summarized below:[1]

   a. The Prajna Parties will (1) pay to the estate the amount of $15,000 in cash, (2) turn over to the estate all scheduled computers and related equipment attached to the Settlement Agreement and (3) release any claims the Prajna Parties may have against the estate regarding this bankruptcy case. In exchange the estate will release any claims it may have against the Prajna Parties regarding this bankruptcy case.
   b. Duane Morris will waive in full and withdraw its proof of claim in the amount of $42,820.50 against the Debtor's estate.
   c. In connection with the Settlement Agreement, the Parties have also entered into a tolling agreement as follows. In consideration of the Trustee forbearing from initiating a lawsuit or any other legal proceedings against the Prajna Parties, the Parties have agreed that as to any and all claims or causes of action, known or unknown, relating to, arising out of, or in connection with their relationship with the Debtor, any applicable statute of limitations or other time defenses applicable to such claims shall be deemed tolled from the execution of this Settlement Agreement until the earliest (a) the date upon which the Bankruptcy Court enters a final order not subject to appeal approving this Settlement; (b) ninety (90) days after the Bankruptcy Court enters a final order not subject to appeal denying approval of this Settlement; or (c) May 31, 2025 or such later date as the Parties may agree to in writing.

## RELIEF REQUESTED

12.     Through this Motion, the Trustee respectfully requests entry of an order (i) approving the Settlement Agreement in its entirety, (ii) authorizing and directing the Prajna Parties to pay the required funds to the estate and release the proof of claim of Duane Morris, and (iii)

---

[1] In the event of any conflict between this summary and the Settlement Agreement, the Settlement Agreement shall control.

authorizing the Parties to take any and all other necessary actions to effectuate the Settlement Agreement and the tolling provision as provided for herein.

## BASIS FOR RELIEF

13.     Section 105(a) of the Bankruptcy Code provides, in part, that "[t]he court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Bankruptcy Rule 9019(a) further provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises and settlements "are a normal part of a bankruptcy case." *Plaza at Latham Assocs. v. Citicorp N. Am., Inc.*, 150 B.R. 507, 514 (N.D.N.Y. 1993); *Nussbaum v. United States (In re Smith)*, 210 B.R. 689, 692 (Bankr. D. Md. 1997) (same).

14.     The decision whether to approve a compromise under Bankruptcy Rule 9019 is left to the discretion of the Court, which must determine if the compromise or settlement is fair and equitable. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424–25 (1968); *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997); *In re Marvel Entm't Group, Inc.*, 222 B.R. 243 (D. Del. 1998). The Court is not required to conduct a "mini-trial" of the underlying case, but instead must only decide whether the proposed settlement falls "below the lowest point in the range of reasonableness." *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995) (citations omitted); *see also In re Yelverton*, 527 B.R. 557, 563 (D.C. 2014). In approving a settlement, the Court should further consider: "(1) the probability of success in the litigation; (2) difficulties, if any, with collection; (3) the complexity of the litigation, including the expense, inconvenience, and delay attendant to the litigation; and (4) the interest of creditors." *In re Yelverton*, 527 B.R. at 563; *See, e.g.*, *Barrett v. Andre Chreky, Inc. (In re Andre Chreky, Inc.,*

5

448 B.R. 596, 609 (D.D.C. 2011); *Advantage Healthplan, Inc. v. Potter,* 391 B.R. 521, 554 (D.D.C. 2008).

15. This compromise and settlement are in the best interests of the estate, its creditors, and other parties in interest. Upon approval, the compromise will resolve the Parties' disputes over their claims without the need for a formal and costly litigation thereon, the outcome of which is uncertain for the Debtor's estate. As are result of this settlement, the estate has collected additional funds of $15,000 and has reduced the pool of the estate's claims by over $40,000 thereby materially increasing the distribution to unsecured creditors.

16. Moreover, pursuant to the terms of the Settlement Agreement, the Trustee has now received, and is holding in escrow pending final Court approval, the $15,000 payment from Clark and Heller as well as the signed waiver of the proof of claim from Duane Morris.

17. Based upon the foregoing, the Trustee asserts that the Settlement Agreement is justified, reasonable, and should be approved.

WHEREFORE, for the reasons stated herein, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto granting the Motion and approving the Settlement Agreement in its entirety, and grant such other and further relief as this Court may find just and proper.

Dated: February 12, 2025                Respectfully submitted,

/s/William Douglas White
William Douglas White #224592
8205 Pettit Court
McLean, VA 22102
703-770-9265
wdw@mccarthywhite.com

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is by and between (i) William Douglas White (the "Trustee"), as chapter 7 trustee of the bankruptcy estate of Prajna Strategy, LLC (the "Debtor"), and (ii Kristen Clark ("Clark"), Cheryl Heller ("Heller"), Prajna Technologies, Inc. ("Technologies") and Duane Morris LLP ("Duane Morris") (together the "Prajna Parties") The Trustee and the Prajna Parties are collectively referred to herein as the "Parties" and each as a "Party."

## RECITALS

WHEREAS, on January 19, 2023, the Debtor filed a bankruptcy case under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Court"). The Trustee was appointed as the chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity.

WHEREAS, on January 16, 2025, the Parties entered into that certain Binding Term Sheet, the terms of which are, subject to Bankruptcy Court approval, binding, irrevocable, and enforceable on the Parties.

WHEREAS, to avoid the significant expense, distraction, and uncertainty of further litigation as set forth below, the Parties desire to incorporate the terms of the Binding Term Sheet into this Agreement for the purpose of seeking Court approval and resolving all outstanding obligations and disputes between them.

## AGREEMENT

NOW THEREFORE, in consideration of the foregoing, the covenants set forth in this Agreement, and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. The foregoing recitals are incorporated herein by reference.

2. The Binding Term Sheet executed by the Parties on January 16, 2025, is incorporated as if set forth herein.

3. In partial consideration for a cash payment on or before the close of business January 21, 2025 in the amount of $15,000 by Clark and Heller to the Trustee on behalf of the bankruptcy estate, and in addition the waiver or withdrawal of the entire proof of claim of Duane Morris LLP in this bankruptcy case, the Trustee on behalf of the Debtor's bankruptcy estate will waive all claims of the estate that could be asserted by the bankruptcy estate against Clark, Heller and/or Technologies in connection with the bankruptcy case, except as to the enforcement of the terms and conditions of this Settlement Agreement. Further, Clark, Heller and/or Technologies will waive all claims they could assert against the Trustee and the estate in connection with the bankruptcy case.

1

4. The above cash payment of Clark and Heller in the amount of $15,000 will be paid to the Trustee in good funds on or before the close of business on January 21, 2025. Such payment will be refunded in full if for any reason the Bankruptcy Court does not enter a final order approving this Settlement as set forth herein.

5. Clark was the C.E.O. of Prajna Strategy, LLC and is Chief Executive officer of Prajna Technologies, Inc. Clark represents and warrants that she is the Chief Executive Officer and has been fully authorized to execute the Binding Term Sheet and this Settlement Agreement on behalf of Technologies. Heller was not an employee of Prajna Strategy, LLC, but acted under contract as fractional chief financial officer of Prajna Strategy, LLC.

6. Except for certain camera equipment identified by Clark to the Trustee, Clark represents and warrants that she is in possession of the equipment identified in Part 7, No. 41 in the Debtor's Schedule A/B of Assets included in Docket Entry No. 1 in this bankruptcy case. A copy of the foregoing equipment is identified as Attachment 1 to the BindingTerm Sheet. Clark further represents and warrants that, except for the Camera Equipment Song FX3; 50 mm lens, such equipment is boxed and unlocked, and Clark will turn over all such equipment to the Trustee or his representative upon request. Clark will further use her reasonable best efforts to assist the Trustee in seeking possession of the above-referenced camera equipment.

7. Duane Morris agrees that: (a) on or before the close of business on January 21, 2025, Duane Morris will deliver to the Trustee, in escrow, a withdrawal of its proof of claim and such other documentation as may be reasonable requested by the Trustee to evidence such withdrawal (collectively, the "Duane Morris Withdrawal Documents"); and (b) after the Bankruptcy Court enters a final order not subject to appeal approving the Settlement, the Trustee shall break escrow and release and file the Duane Morris Withdrawal Documents to evidence Duane Morris's then effective withdraw of its claim. James J. Holman, Partner, represents that he is authorized to sign this Term Sheet and the Duane Morris Withdrawal Documents on behalf of Duane Morris.

8. The Settlement Agreement includes a tolling provision in this paragraph 8 and the following paragraphs 9 and 10 as a critical elements of the consideration and agreement by and between the Trustee on behalf of the Debtor's estate, on the one hand, and Clark, Heller, Technologies and Duane Morris on the other hand.

9. The Trustee believes on behalf of the estate that he may have claims against Clark, Heller and Technologies arising out of acts, conduct, events or circumstances in connection with business and operations of Prajna Strategy, Debtor, or the Debtor's estate. Clark, Heller and Technologies deny and dispute such claims. The Parties wish to postpone or avoid the inconvenience, expense, and distraction of possible litigation by the Trustee against Clark, Heller and/or Technologies, while fully preserving their respective rights that exist as of the date of this Agreement to commence or defend against legal action at a future date which, but for this Term Sheet, might otherwise be time-barred by any applicable statute of limitations, laches, and other possible time-bars and defenses based in whole or in part on the time which may elapse from the accrual of such claims to the filing of an action.

10. In consideration of the Trustee forbearing from initiating a lawsuit or any other legal proceedings against Clark, Heller and/or Technologies at the present time, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged , the Parties agree as follows: With respect to any and all claims or causes of action, known or unknown, relating to, arising out of, or in connection with their relationship with the Debtor, including but not limited to (a) any avoidance claims under Chapter 5 of the Bankruptcy Code, 11 U.S.C. 101 et. seq., (b) any claim for unpaid debts or receivables owed and/or (c) alleged breach of fiduciary duty, fraud, negligence, gross negligence, negligent misrepresentation, breach of contract, or any other claims or causes of action, the Parties hereby stipulate that any applicable statute of limitations or other time defenses applicable to the above tolled claims shall be deemed tolled from the execution of this Term Sheet until the earliest to occur of: (a) the date upon which the Bankruptcy Court enters a final order not subject to appeal approving this Settlement; (b) ninety (90) days after the Bankruptcy Court enters a final order not subject to appeal denying approval of this Settlement; or (c) May 31, 2025 or such later date as the Parties may agree to in writing.

11. This Settlement Agreement is without prejudice to and does not waive or in any way release the Trustee's claims as to any property and persons not covered by the Term Sheet and Settlement. The Parties acknowledge and agree that this Term Sheet is entered into to avoid the cost and uncertainty of litigation and does not constitute a finding or admission of wrongdoing or liability by, or affect any other claims or defenses, of any Party.

12. The Parties acknowledge and agree that this Agreement is entered into as a litigation-cost settlement to avoid the expense and uncertainty of litigation. This Agreement does not constitute a finding or admission of or with respect to any allegation made by any Party in connection with the matters addressed herein, or any alleged wrongdoing, liability, or unlawful conduct of any kind by any Party.

13. This Agreement is binding upon the Parties subject only to entry of a final order of the Bankruptcy Court approving the Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "9019 Order"). The Trustee shall promptly file a motion with the Bankruptcy Court requesting approval of this Agreement (the "Settlement Motion"). The Parties shall use their best efforts to obtain Bankruptcy Court approval of the Settlement Motion.

14. In exchange for the covenants and agreements set forth in this Agreement, and other good and valuable consideration provided by each of the Parties in connection with this Agreement, upon entry of a final, non-appealable 9019 Order approving this Agreement, each Party and each of its respective successors, assigns, employees, attorneys, professionals, advisors, affiliates, and agents, shall immediately and automatically be deemed to have released the other Party or Parties from any and all claims, counterclaims, rights, losses, liabilities, damages, causes of action, or demands, whether asserted or unasserted, known or unknown, in connection with the Debtor's bankruptcy case, other than any specific obligations created or preserved by this Agreement. The foregoing release shall be automatically effective upon a final order not subject to appeal approving this Agreement without any further action by either of the Parties.

15. Any notice or other correspondence sent in connection with this Agreement shall be sent via email and first-class mail to:

**If to the Trustee, to:**

William Douglas White, Chapter 7 Trustee
McCarthy & White, PLLC
8205 Pettit Court
McLean, VA 22102
Email: wdw@mccarthywhite.com

**If to the Prajna Parties to:**
James J. Holman
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
JJHolman@Duanemorris.com

The foregoing addresses may be changed upon written notice to the other Parties, which change of address shall be effective upon receipt of such notice by the receiving Parties.

16. The Parties agree that the Agreement constitutes a good faith settlement of all disputes between the Parties, and acknowledge that this Agreement is entered into freely and voluntarily.

17. Each Party to this Agreement represents and warrants to the other party that no other person or entity has claimed, or now claims, any interest in the subject matter of this Agreement, that each Party has the authority to execute this Agreement, that each Party has made no assignment, and will make no assignment of any claim, cause of action, right of action, or any right whatsoever embodied in any of the claims referred to in this Agreement and that no other person or entity of any kind has any interest in any of the demands, allegations, causes of action, debts, liabilities, rights, contracts, damages, attorney's fees, costs, expenses, losses or claims referred to in this Agreement.

18. This Agreement is the product of negotiation and preparation by and among the Parties and their legal counsel. The Parties agree that this Agreement shall be deemed to have been drafted equally by both parties and shall not be presumptively construed either in favor or against any of the Parties hereto.

19. The Parties agree to execute all documents as well as take all acts necessary to perform the terms, conditions and purpose of this Agreement.

20. This Agreement contains the entire agreement between the Parties in relation to the

matters described herein, and no representations, inducements, promises, agreements or understandings of any kind, either written or oral, shall be binding upon the Parties unless expressly contained herein.

21. The validity, enforceability and interpretation of this Agreement will be determined and governed by the laws of the District of Columbia. The Parties consent to the exclusive jurisdiction of the Bankruptcy Court with respect to any dispute relating to or arising out of the Agreement. In the event that the Bankruptcy Court is unable or unwilling to hear any such dispute, the Parties agree that the federal and state courts for the District of Columbia then shall have the exclusive jurisdiction to hear such dispute, and that venue in such courts is proper.

22. THE PARTIES, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVE, RELINQUISH AND FOREVER FORGO THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO THIS AGREEMENT.

23. This Agreement may be signed in counterparts, each of which shall be deemed an original. The Parties' signatures may be evidenced by PDF or facsimile transmissions, and each Party may rely on a PDF or facsimile signature on behalf of the other Party as proof of the other Party's execution of this Agreement. This Agreement shall become effective when the counterparts have been signed by each of the Parties.

24. Each Party shall bear its own costs and expenses incurred in reaching and obtaining approval of this Agreement. Should any Party breach this Agreement, the non-breaching Party or Parties will be entitled to an award of their costs and reasonable attorney's fees expended (a) in any legal action to enforce the terms of this Agreement in which the non-breaching Party substantially prevails; or (b) to defend a charge, claim, lawsuit or any other type of action which has been settled, waived, or released herein.

25. This Agreement shall be binding upon and shall inure to the benefit of each of the Parties to this Agreement and upon their respective successors and assigns.
The Parties acknowledge that each Party has had time to read, study, consider and deliberate upon this Agreement and has had the opportunity to consult with counsel of their choice, and that all Parties fully understand and are in complete agreement with all the terms of this Agreement.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**IN WITNESS WHEREOF**, the Parties, affirming that they are in possession of and have reviewed all pages of this Agreement, have duly executed and delivered this Agreement as of the date first set forth above.

_____
William Douglas White, Trustee
Chapter 7 Trustee for the Bankruptcy Estate of Prajna Strategy, LLC

_____
Kristen Clark
108 R St. NE
Washington D.C. 20002

_____
Cheryl Heller
c/o James J. Holman
Duane Morris LLP
30 South 17th Street
Philadelphia PA 19103-4196

_____
Prajna Technologies LLC
by Kristen Clark, its Chief Executive Officer


DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196

_____
By: James J. Holman, Partner

6

**IN WITNESS WHEREOF**, the Parties, affirming that they are in possession of and have reviewed all pages of this Agreement, have duly executed and delivered this Agreement as of the date first set forth above.

_____
William Douglas White, Trustee
Chapter 7 Trustee for the Bankruptcy Estate of Prajna Strategy, LLC


_____
Kristen Clark
108 R St. NE
Washington D.C. 20002


_____
Cheryl Heller
c/o James J. Holman
Duane Morris LLP
30 South 17th Street
Philadelphia PA 19103-4196


_____
Prajna Technologies LLC
by Kristen Clark, its Chief Executive Officer



DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196

*/s/ James J. Holman*
By: James J. Holman, Partner

6

**ATTACHMENT 1**

**MacBook Pro Part Number MK183LL/A; Serial Number LV30KQ5W3V, Apple Care (owned) $3,071.88**

**MagSafe Battery Pack; Part number MJWY3AM/A; Serial Number DL3G4U5S0NLJ (owned) $104.94**

**16" MacBook Pro with 16GB RAM and 1TB Memory Serial Number SN7749TCWTR (owned) $3,259.94**

**16" MacBook Pro with Apple Care TW0NWH042H (leased)**

**14" MacBook Pro with Apple Care VCTXF0HXFX (leased)**

**16" MacBook Pro with Apple Care Q96106J291 (leased)**

**16" MacBook Pro with Apple Care Y6NW0522WV (leased)**

**16" MacBook Pro with Apple Care YTXM417X1L (leased)**

**16" MacBook Pro with Apple Care L6F74R6WNQ (leased)**

**16" MacBook Pro with Apple Care G3XVTQPP67 (leased)**

**16" MacBook Pro with Apple Care KKWK50Y2KD (leased)**

**16" MacBook Pro with Apple Care G407DCFC3X (leased)**

**16" MacBook Pro with Apple Care XFG9FN646T (leased)**

**16" MacBook Pro with Apple Care GKW5FH43FR (leased)**

**16" MacBook Pro with Apple Care HM7MGGPDWL (leased)**

**16" MacBook Pro with Apple Care HPQLY9VQ2C (leased)**

**ATTACHMENT 1 (CONT'D)**

**16" MacBook Pro with Apple Care DJ5WJJFHQX (leased)**

**16" MacBook Pro with Apple Care M46WLWLJF6 (leased)**

**16" MacBook Pro with Apple Care RWM5WHQDW9 (leased)**

**HP Desk Jet 2752E**

**Datacolor SpyderX Pro SXP100, Color correction device**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 12, 2025, I served a copy of the foregoing via CM/ECF upon all parties receiving notice thereby and by first-class mail, postage prepaid, or where available, by email on the parties listed below.

Kristen Clark
108 R St. NE
Washington D.C. 20002

Cheryl Heller
c/o James J. Holman
Duane Morris LLP
30 South 17th Street
Philadelphia PA 19103-4196

Prajna Technologies LLC
by Kristen Clark, its Chief Executive Officer
108 R St. NE
Washington D.C. 20002

James J. Holman
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196

.

                /s/William Douglas White
                William Douglas White

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: ) | |
| ) | |
| PRAJNA STRATEGY, LLC ) | Case No. 23-00032-ELG |
| ) | |
| Debtor. ) | Chapter 7 |
| ) | |

**ORDER GRANTING MOTION TO**
**APPROVE SETTLEMENT AGREEMENT PURSUANT**
**TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

Upon consideration of the Motion to Approve Settlement Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Motion")[2] filed by William Douglas White (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Prajna Strategy, LLC (the "Debtor"), pursuant to § 105(a) of the Bankruptcy Code, Bankruptcy Rule 9019(a), and Local Bankruptcy Rule 9019-1, seeking approval of the Settlement Agreement with the Prajna Parties, attached to the Motion (the "Settlement Agreement"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this matter is a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion was appropriate under the circumstances and that no other or

---

[2] Capitalized terms but not otherwise defined herein shall have the meaning given to them in the Motion

8

further notice need be provided; and this Court having reviewed the Motion and all other related materials, and having considered any argument in support or in opposition to the relief requested; and the Court finding that the Settlement Agreement is fair and equitable and in the best interest of the estate, the Debtor, its creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby ordered:

1. The Motion is granted.

2. Any objections to the Motion or the Settlement Agreement are hereby overruled.

3. The Settlement Agreement is hereby approved in its entirety.

4. The Parties are hereby authorized and directed to take all actions necessary to effectuate the terms of this Order.

5. The Court retains exclusive jurisdiction to hear and decide any disputes arising from this Order.


I ask for this:

/s/William Douglas White
William Douglas White #224592
8205 Pettit Court
McLean, VA 22102
703-770-9265
wdw@mccarthywhite.com


DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196

_____
By: James J. Holman, Partner

William Douglas White #224592
8205 Pettit Court
McLean, VA 22102
703-770-9265
wdw@mccarthywhite.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PRAJNA STRATEGY, LLC | ) | Case No. 23-00032-ELG |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

## NOTICE OF OPPORTUNITY TO OBJECT TO MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

PLEASE TAKE NOTICE that William Douglas White, the chapter 7 trustee for the estate of Prajna Strategy, LLC (the "Trustee") has filed the Motion to Approve Settlement Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Motion") for entry of an order approving the Settlement Agreement between the Trustee and Kristen Clark, Cheryl Heller, Prajna Technologies and Duane Morris attached to the Motion.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not wish the Court to grant the relief sought in the Motion, or if you want the court to consider your views on the Motion, you or your attorney must take the following actions:

1. File with the Court, at the address shown below, a written response explaining your position **on or before March 5, 2025**. If you mail your response to the Court for filing, you must mail it early enough so the court will actually receive it on or before the date stated above.

   Clerk of Court
   United States Bankruptcy Court
   333 Constitution Avenue, N.W.
   Room 1225
   Washington, DC 20001


2. You must also mail a copy of your opposition to:

   William Douglas White #224592
   8205 Pettit Court

      McLean, VA 22102
      703-770-9265
      wdw@mccarthywhite.com

Unless a written response is filed and served on or before the date stated above, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an order granting relief. The Court may grant the Objection without a hearing if any opposition filed states inadequate grounds for denial of the grounds set forth in the Objection.**

February 12, 2025                                       Respectfully submitted,

                                                          /s/William Douglas White
                                                          William Douglas White #224592
                                                          8205 Pettit Court
                                                          McLean, VA 22102
                                                          703-770-9265
                                                          wdw@mccarthywhite.com