**WHITEFORD, TAYLOR & PRESTON, LLP**
David W. Gaffey (Bar No. VA 031)
Alexandra G. DeSimone (Bar No. VA184)
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042-4510
Telephone: (703) 280-3374
E-Mail: dgaffey@whitefordlaw.com
         adesimone@whitefordlaw.com

*Special Counsel to William Douglas White, Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | ) |
| | ) |
| PRAJNA STRATEGY, LLC | ) Case No. 23-00032-ELG |
| | ) |
| Debtor. | ) Chapter 7 |
| | ) |

**FIRST AND FINAL APPLICATION OF WHITEFORD, TAYLOR & PRESTON L.L.P. AS SPECIAL COUNSEL TO WILLIAM DOUGLAS WHITE, CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 28, 2023 THROUGH MAY 22, 2025**

Whiteford, Taylor & Preston, L.L.P. ("Whiteford"), special counsel to William Douglas White (the "Trustee"), in his capacity as the chapter 7 trustee for the bankruptcy estate of Prajna Strategy, LLC (the "Debtor"), hereby submits its *First and Final Application of Whiteford, Taylor & Preston, L.L.P. as Special Counsel to William Douglas White, Chapter 7 Trustee, for Allowance of Compensation and Reimbursement of Expenses for the Period from June 28, 2023 through May 22, 2025* (the "Application") pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "Local Rules"). Pursuant to the Application, Whiteford seeks entry of an order, substantially in the form attached hereto (the "Proposed Order"), granting the final allowance of fees in the amount of $102,741.50 and reimbursement of expenses in the amount

of $4,517.69 for the period of June 28, 2023 through May 22, 2025 (the "Application Period"). The total amount of fees requested herein reflects discounts in the amount of $15,000.00 taken in the exercise of Whiteford's billing discretion.

## SUMMARY OF APPLICATION

**Total Fees Worked:** $117,741.50
**Discretionary Reduction**: $(15,000.00)
**Total Fees Requested:** $102,741.50
**Total Expenses Requested:** $4,517.69
**Amounts Previously Requested:** $0.00
**Amounts Previously Awarded:** $0.00
**Prepetition Retainer Held**: n/a

**Summary by Professional:**

| Professional | Position | Bar Year | 2023 Rate | 2024 Rate | 2025 Rate | Total Hours Billed | Total Amount Billed |
|---|---|---|---|---|---|---|---|
| David W. Gaffey | Partner | 2010 | $560 | $600 | $630 | 150.8 | $87,341.00 |
| David M. Stevens | Partner | 2007 | $550 | $590 | N/A | 9.6 | $5,296.00 |
| Alexandra G. DeSimone | Associate | 2020 | $440 | $485 | N/A | 53.1 | $24,259.50 |
| Elizabeth McDandel | Paralegal | N/A | $325 | N/A | N/A | 2.6 | $845.00 |
| Totals: | | | | | | **216.1** | **$117,741.50** |

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 1334 and 157. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This Application is a core proceeding within the meaning of 28 U.S.C. § 157.

2. The bases for the relief requested herein are sections 328(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 3016, and Local Rule 2016-1.

## BACKGROUND

### A. General Background and Summary of Claims

3. On January 19, 2023 (the "Petition Date"), the Debtor filed a bankruptcy case under chapter 7 of the Bankruptcy Code.

4. On January 25, 2023, the Trustee was appointed as the chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity.

5. Prior to the Petition Date, the Debtor became involved in two legal actions commenced by a former employee, Jon Wise ("Wise"): (1) *Wise v. Prajna Strategy, LLC, et al.*, PCHR Docket No. 2022-05-17011385, EECO Docket No. 17@-2022-00027, pending before the Philadelphia Commission on Human Relations; and (2) *Wise v. Prajna Strategy, LLC, et al.*, Case No. 2:22-cv-02100-NIQA, pending before the United States District Court for the Eastern District of Pennsylvania (collectively, the "Litigation").

6. On or about May 26, 2023, Wise filed Proof of Claim No. 3-1 (the "Wise Claim") in the Bankruptcy Case in the total amount of $25,060,909.00 based on the claims asserted by Wise in the Litigation including, among others, breach of contract, wrongful termination, discrimination, and retaliation.

7. Only two other creditors filed claims in this case.

    a. On May 24, 2023, creditor Duane Morris LLP filed Proof of Claim 1-1 asserting an unsecured claim against the Debtor in the amount of $42,820.50 for prepetition legal services (the "Duane Morris Claim"). On February 12, 2025, the Trustee filed his *Motion to Approve Settlement Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019* [Docket No. 37] (the "Duane Morris Settlement Motion") seeking approval of a settlement with Duane Morris LLP that provides for, among other things, the waiver of the Duane Morris Claim. On

3

March 6, 2025, the Court entered its order approving the Duane Morris Settlement Motion [Docket No. 42].

      b.      On May 26, 2023, creditor First Citizens Bank & Trust Company ("CIT") filed Proof of Claim 2-1 (the "CIT Claim") asserting a secured claim against the Debtor in the amount of $46,899.44 pursuant to certain personal property leases with the Debtor. On November 21, 2024, the Trustee filed his *Motion to Approve Settlement Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019* seeking approval of a settlement of the CIT Claim whereby the CIT Claim would be deemed satisfied in full in exchange for a payment of $20,000.00 (the "CIT Settlement Motion") [Docket No. 33]. On December 13, 2024, the Court entered its order granting the CIT Settlement Motion [Docket No. 35]. The $20,000.00 settlement amount was subsequently paid to CIT in full satisfaction of the CIT Claim.

8.      As of the filing of this Application, the Wise Claim is the only outstanding claim filed in this bankruptcy case. All other filed claims have been fully liquidated and paid pursuant to the various settlements with the claimants. By agreement with Wise, the Wise Claim shall be paid as set forth in the Wise Settlement (as defined herein).

9.      The Trustee reports that, as of the filing of this Application, the estate has approximately $207,000.00 in available funds to pay the claims of the Debtor's legal and accounting professionals, trustee fees, and claims of unsecured creditors.

**B. Employment of Whiteford**

10.      On July 26, 2023, the Trustee filed the *Chapter 7 Trustee's Application for Authority to Employ and Retain Whiteford, Taylor & Preston, LLP as Special Counsel under Section 327(e) of the Bankruptcy Code* (Docket No. 10) (the "Retention Application"), seeking

4

authority to retain Whiteford as special counsel for the purpose of representing the Trustee in connection with the Wise Claim and related matters.

11. On August 11, 2023, the Court entered the *Order Authorizing the Employment of Whiteford, Taylor & Preston, LLP as Special Counsel to the Chapter 7 Trustee under Section 327(e) of the Bankruptcy Code* (Docket No. 11) (the "Retention Order"), approving the Retention Application.

**C. Significant Events During the Application Period**

12. Whiteford spent substantial time and effort representing the Trustee in connection with the Wise Claim and related matters during the Application Period.

**a. The Trustee's Objection to the Wise Claim**

13. Whiteford's principal role in this case was to represent the Trustee as his special counsel in the investigation, prosecution, negotiation, and resolution of his Objection (as defined herein) to the Wise Claim.

14. On August 25, 2023, the Trustee filed his *Chapter 7 Trustee's Objection to Proof of Claim No. 3-1 Filed by Jon Wise* (Docket No. 12) (the "Objection"), whereby the Trustee objected to the Wise Claim in its entirety. The Objection followed the Trustee's initial inquiry into the Wise Claim, including his review of a prepetition independent investigation report commissioned by the Debtor and interviews of principals and officers of the Debtor. Based on this initial inquiry into the Wise Claim, the Trustee determined that fully litigating the Objection likely would involve extensive discovery, numerous depositions, and a fact-intensive trial, the cost of which likely would be significant and consume most if not all of the estate's resources. The Trustee, through Whiteford, therefore attempted to engage Wise in a settlement process to avoid the unnecessary expense, delay, and frustration that would be incurred in fully litigating the Wise

5

Claim and the Objection. Whiteford attempted on numerous occasions over several months to engage Wise in good-faith settlement discussions to resolve the Wise Claim. These efforts were not successful.[1]

15. On November 16, 2023, the Court entered an Order (Docket No. 26) referring the matter to judicial mediation before the Honorable Lori S. Simpson (the "Mediation"). In connection with the Mediation, Whiteford prepared and submitted to the mediator an extensive mediation statement in support of the Trustee's position.

16. The day before the Mediation was scheduled to occur, the Trustee and Wise reached a settlement in principle resolving the Objection (the "Wise Settlement"), which was memorialized in a Binding Term Sheet and later a Settlement Agreement.

17. On February 1, 2024, the Trustee filed the *Joint Motion to Approve Settlement Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019* (Docket No. 27) (the "9019 Motion"). The Court entered an Order (Docket No. 28) granting the 9019 Motion and approving the Wise Settlement on February 12, 2024.

18. Among other terms, the Wise Settlement provides that the Wise Claim shall be allowed as a general unsecured claim in the amount of $250,000.00 and, further, that any insurance proceeds realized from the Debtor's employment practices liability insurance policy issued by The Hartford (the "Insurance Company") will be paid 40% to the Debtor's bankruptcy estate and 60% to Wise. The settlement fully and finally resolved the Objection to the Wise Claim and resulted in a reduction of the Wise Claim by more than 99%.

---

[1] This Application does not disclose the details of settlement discussions regarding the Wise Claim. To the extent that specific details regarding Whiteford's extensive settlement efforts are requested by the Court or otherwise required to support the fees and expenses sought in this Application, Whiteford will provide such details as appropriate.

19. Additionally, during the Application Period, the Trustee, with the advice and assistance of Whiteford, engaged with third-party vendors including financial services and email vendors to preserve certain electronic records, including communications and financial records, in anticipation of the Litigation as well as the Trustee's investigation into potential avoidance actions and other claims of the estate.

### b. Recovery of Insurance Proceeds

20. As noted above, a significant issue in connection with the Wise Claim was the allocation of any insurance proceeds realized from the Debtor's employment practices liability insurance policy (the "Insurance Policy") issued by The Hartford (the "Insurance Company"). The Wise Settlement ultimately agreed that 40% of any amounts recovered from the Insurance Policy would be paid to the Debtor's bankruptcy estate and 60% would be paid to Wise. The Trustee requested that Whiteford assist him in recovering any applicable insurance proceeds. Whiteford engaged with the Insurance Company and, after overcoming an initial denial of coverage, successfully achieved payment of the entire policy limit of $25,000.00 for the benefit of the Debtor's estate and Wise.

### c. Settlement of the CIT Claim

21. Whiteford also assisted the Trustee in the resolution of the CIT Claim, which was a material issue in the settlement of the Wise Claim. CIT alleged that the CIT Claim was fully secured by all assets of the Debtor, including the Debtor's accounts receivable and cash in its possession. The treatment of the CIT Claim as a secured claim would materially reduce the payment to unsecured creditors including the Wise Claim. In connection with the Wise Settlement, the Trustee agreed to investigate, and if appropriate object to, the secured status of the CIT Claim.

22.     The Trustee requested that Whiteford assist him in reviewing and resolving the CIT Claim given Whiteford's knowledge of the claim from its work in the Litigation and the important role of the CIT Claim in the Wise Settlement. Following Whiteford's review and analysis of the CIT Claim, Whiteford assisted the Trustee in settling the $46,899.44 CIT Claim for a payment of $20,000 (the "CIT Settlement"), thus increasing the recovery to unsecured creditors by nearly $27,000.00.

## SUMMARY OF FEE APPLICATION

23.     Whiteford's detailed time entries are attached hereto as **Exhibit A**. Whiteford incurred a total of $117,741.50 in its representation of the Trustee in this case. After application of a $15,000.00 discretionary reduction in its requested fees as set forth herein, Whiteford seeks payment of fees in the total amount of $102,741.50.

24.     Whiteford's total out-of-pocket expenses incurred during the Application Period are $4,517.69. A detailed list of the expenses incurred and charged as part of this Application is included with Exhibit A. Additionally, a chart summarizing the expenses appears below:

| Category | Amount |
|---|---|
| Federal Express | $144.36 |
| Postage (DLS Discovery) | $642.19 |
| Copying Costs (DLS Discovery) | $1,152.25 |
| E-Discovery and Data Preservation Charges | $2,578.89 |
| **Total:** | **$4,517.69** |

## SERVICES PERFORMED DURING THE APPLICATION PERIOD

25.     During the Application Period, Whiteford performed significant services for the Trustee, including, but not limited to: (i) investigating the Wise Claim; (ii) preparing, filing, and prosecuting the Objection; (iii) negotiating a settlement of the Wise Claim and the Objection; (iv) working with the Trustee to preserve certain electronic records in anticipation of the Litigation and

to assist the Trustee with the administration of the Debtor's estate; (v) pursuing and collecting insurance proceeds from the Insurance Company; (vi) analyzing the CIT Claim, the Debtor's defenses thereto, and the CIT Claim's impact on other creditors; and (vii) negotiating with CIT and reaching the CIT Settlement.

## **LODESTAR ANALYSIS**

26. Under § 330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation to estate professionals for all actual, necessary services rendered by such professionals based on the nature, extent, and value of the services rendered, the time spent on such services, and the cost of comparable services in other cases. The Court may also award reimbursement for all actual, necessary expenses incurred.

27. Courts frequently look to the "lodestar" formula in assessing attorneys' fees. Under this approach, courts consider the number of hours of service reasonably devoted to a case multiplied by the professionals' and paraprofessionals' reasonable rates. The resulting sum may be adjusted to reflect the characteristics of the particular case and the reputation of the attorneys and paraprofessionals. *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010).

28. Bankruptcy courts often consider the specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Ltd.*, 488 F.2d 714 (5th Cir. 1974), as applied to bankruptcy cases in *In re First Colonial Corporation of America*, 544 F.2d 1291, 1298-99 (5th Cir.), cert. denied, 431 U.S. 904 (1977). The United States Court of Appeals for the District of Columbia Circuit adopted the *Johnson* test in *Evans v. Sheraton Park Hotel*, 503 F.2d 177, 187 (D.C. Cir. 1974). In *Copeland v. Marshall*, 641 F.2d 880, 881 (D.C. Cir. 1980), the United States Court of Appeals for the District of Columbia reiterated the "lodestar" approach set forth in *Johnson* when determining the reasonableness of fees, which it has endorsed for use in bankruptcy cases. *In re AOV*

9

*Industries, Inc.*, 797 F.2d 1004, 1007 (D.C. Cir. 1986); *see also Stewart v. Capital City Mortgage Corp.* (*In re Stewart*), 2004 Bankr. LEXIS 2185, *45-6 (Nov. 10, 2004 Bankr. D. D.C.). The following are the *Johnson* factors:

    a. the time and labor required;

    b. the novelty and difficulty of the questions;

    c. the skill required to properly perform the legal services;

    d. the preclusion of other employment by the attorney due to acceptance of the case;

    e. the customary fee;

    f. whether the fee is fixed or contingent;

    g. time limitations imposed by the client or the circumstances;

    h. the amount involved and the results obtained;

    i. the experience, reputation, and ability of the attorneys;

    j. the "undesirability" of the case;

    k. the nature and length of the professional relationship with the client; and

    l. awards in similar cases.

*Johnson*, 488 F.2d at 717-719.

29.    Whiteford submits the following lodestar and *Johnson* factor analysis in support of its request for allowance of fees and disbursements:

    a. **The time and labor required.** As discussed herein, Whiteford has expended a substantial amount of time assisting the Trustee in addressing issues related to the Wise Claim, the recovery of insurance proceeds, the CIT Claim, and the preservation of documents and information necessary to litigation matters and the Trustee's administration of the Debtor's estate. As the time records submitted with this Application amply illustrate, Whiteford's professionals and

10

paraprofessionals have dedicated substantial time to this case. Whiteford's time and efforts spent to successfully resolve the Trustee's Objection to the Wise Claim and objection to the CIT Claim have avoided the protracted and costly litigation that is generally involved in such fact-intensive disputes.

      b. **The novelty and difficulty of the questions involved and skill applied.** This case involved certain complex legal issues related to the causes of action asserted in the Wise Claim and to the secured claim asserted by CIT. Where necessary, Whiteford bankruptcy attorneys consulted with non-bankruptcy attorneys within the firm to address these issues on a cost-effective basis.

      c. **The preclusion of other employment by the firm due to acceptance of this case.** Whiteford necessarily was diverted from other matters in which it was, or might have been, involved in order to devote itself to the competent representation of the Trustee in the instant case.

      d. **The customary fee for similar work**. Whiteford has charged its standard hourly rates as approved by this Court as set forth in the Order approving Whiteford's employment. Whiteford believes that the fees are reasonable and comparable to rates charged by other professionals in the area for similar services.

      e. **Whether the fee is fixed or contingent.** Pursuant to the Bankruptcy Code, all fees sought by Whiteford are subject to final approval of this Court. The fees requested herein are based on hourly rates and are not contingent on the outcome of any particular event.

      f. **Time limitations imposed by the client or circumstances.** The exigencies of the case, including the estate's limited financial resources, frequently required that Whiteford provide services on behalf of the Trustee on an expedited basis.

g. **The amounts involved and the results obtained.** The fees requested by Whiteford are reasonable given the nature of this case, the issues that have arisen, and the results obtained. Whiteford was instrumental in achieving a 99% reduction of the largest claim against the Debtor's estate in a consensual manner and a very favorable resolution of the only secured claim asserted in this case.

h. **Experience, reputation, and ability of professionals**. The principal Whiteford attorneys on this case have previously represented trustees, debtors, creditors' committees, secured creditors, and unsecured creditors in various large bankruptcy cases in this Court and elsewhere.

i. **The "undesirability" of the case.** While this case is not "undesirable," it has presented significant challenges for Whiteford's professionals. Whiteford has met these challenges and achieved a successful resolution of many of the critical issues this bankruptcy case.

j. **The nature and length of the professional relationship with the client.** Whiteford has previously represented the Trustee in other cases where he has served as a trustee under the Bankruptcy Code. Additionally, Whiteford previously represented the Debtor in connection with the filing of its chapter 7 case. Whiteford's familiarity with the Debtor and the events leading to its chapter 7 filing were instrumental in facilitating the Trustee's efficient resolution of the Wise Claim.

k. **Awards in similar cases**. Whiteford submits that its request for compensation is well within the usual and customary awards granted in similar cases.

## EXPENSES

30. Whiteford had $4,517.69 in reimbursable expenses during the Application Period. A summary of expenses incurred is included with Exhibit A. The expenses incurred include reasonable and necessary charges for, among other things, postage and copying costs charged by

Whiteford's noticing vendor DLS Discovery, e-discovery costs, and e-mail hosting charges related to the Trustee's preservation of the estate's electronic records. All expenses have been billed at the actual cost to Whiteford.

31. Whiteford believes that the services rendered to the Trustee and the out-of-pocket expenses incurred in connection with this case were necessary and reasonable under the circumstances of this case and the scope of Whiteford's representation of the Trustee.

### **REDUCTION OF FEES IN EXERCISE OF BILLING DISCRETION**

32. In reviewing its time entries in connection with this Application, Whiteford has voluntarily reduced its fee request by $15,000.00 in the exercise of its billing discretion. For the avoidance of doubt, the $102,741.50 in fees requested for payment in this Application are after the application of this discretionary reduction.

### **SERVICE OF APPLICATION UPON THE TRUSTEE**

33. A copy of this Application and all attachments thereto was sent to the Trustee prior to filing. The Trustee has approved this Application and supports payment of the amounts requested herein.

**WHEREFORE**, Whiteford respectfully requests that this Court enter an Order substantially in the form attached hereto as **Exhibit B**: (a) allowing and awarding on a final basis the fees incurred during the Application Period in the total amount of $102,741.50; (b) allowing and awarding on a final basis the expenses incurred during the Application Period in the amount of $4,517.69; (c) authorizing and directing the Trustee to pay Whiteford on a final basis the fees and expenses requested herein; and (d) granting such other and further relief which is just and equitable.

Dated: August 5, 2025	Respectfully submitted,

 	*/s/ David W. Gaffey*
 	David W. Gaffey (Bar No. VA031)
 	Alexandra G. DeSimone (Bar No. VA184)
 	**WHITEFORD, TAYLOR & PRESTON, LLP**
 	3190 Fairview Park Drive, Suite 800
 	Falls Church, VA 22042-4510
 	Telephone: (703) 280-3374
 	E-Mail: dgaffey@whitefordlaw.com
 	          adesimone@whitefordlaw.com

 	*Special Counsel to William Douglas White, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2025, I served a copy of the foregoing via CM/ECF upon all parties receiving notice thereby and by first-class mail, postage prepaid, or where available, by email on the parties listed below.

| | |
|---|---|
| Prajna Strategy LLC<br>Attn: Kristen Clark<br>108 R Street NE<br>Washington, DC 20002 | Jon Wise<br>c/o Christopher A. Macey, Jr., Esquire<br>Bell & Bell LLP<br>1617 John F. Kennedy Blvd. – Suite 1254<br>Philadelphia, PA 19103 |
| William Douglas White<br>McCarthy & White PLLC<br>8205 Pettit Court, 22102<br>Mclean, VA 22102 | First Citizens Bank & Trust Company<br>c/o Dressler Peters LLC<br>101 W Grand Ave, Suite 404<br>Chicago, IL 60654 |
| U.S. Trustee for Region Four<br>U.S. Trustee's Office<br>1725 Duke Street, Suite 650<br>Alexandria, VA 22314 | Duane Morris LLP<br>c/o Sommer Ross, Esq.<br>1201 N. Market Street, Suite 501<br>Wilmington, DE  19807 |

 	*/s/ David W. Gaffey*
 	David W. Gaffey